Defendant-appellant Bennie Blair appeals from the trial court order that found him to be a sexual predator pursuant to R.C.2950.09 Although appellant challenges both the order and the law pursuant to which it was issued on several constitutional and procedural grounds, this court determines that although the trial court's journal entry is flawed, its finding was appropriate. Moreover, the record fails to reflect appellant was denied his right to effective assistance of counsel at the sexual predator determination hearing. Therefore, the trial court's order is modified and, as modified, affirmed.
Appellant originally was indicted in the instant case on December 17, 1994. The indictment contained sixteen counts, all of which named a single female victim whose date of birth was stated as February 25, 1981.[1] The first eight counts were alleged to have occurred from July 14, 1993 to February 24, 1994 when the victim was not yet thirteen years old. Counts one through six charged appellant with rape, in violation of R.C.2907.02 (A) (1) (b) and (A) (2); counts seven and eight charged appellant with gross sexual imposition in violation of R.C.2907.05 (A) (4).
The remaining counts were alleged to have occurred between February 25, 1994 and August 31, 1994, when the victim had attained the age of thirteen years. Counts nine through fourteen charged appellant with rape, in violation of R.C. 2907.02 (A) (2); counts fifteen and sixteen charged appellant with gross sexual imposition, in violation of R.C. 2907.05 (A) (1)[2]
Additionally, counts one through six and eight through fourteen each contained an aggravated felony specification for appellant's prior conviction in 1986 of the offense of attempted rape, R.C.2923.02/2907.02 The counts charging appellant with gross sexual imposition each contained a violence specification for the same prior conviction.
After a number of pretrials, appellant entered into an advantageous plea agreement with the state. In exchange for a guilty plea to counts one through four, amended to the lesser included offense of sexual battery, R.C. 2907.03 (A) (5), with the specifications deleted, the state would dismiss the remaining charges. The trial court held a plea hearing, determined appellant's pleas were voluntarily given and intelligently made, and accepted appellant's pleas. The trial court found appellant guilty of the offenses, then referred him to the probation department for a presentence investigation and report.
On June 6, 1995 the trial court conducted a sentencing hearing, at which it decided to impose consecutive terms of incarceration of two years on counts one through three and eighteen months on count four. Appellant thereupon was remanded to the penal institution to commence serving his sentence.
Approximately one month later, on July 11, 1995, appellant filed a motion to suspend further execution of his sentence pursuant to R.C. 2947.061. The matter was called for a hearing on August 24, 1995. Although the state initially opposed appellant's motion, by the time of the hearing, it had withdrawn its opposition.
The trial court proceeded to question appellant on the circumstances surrounding both his prior conviction for attempted rape and the instant case. Despite appellant's admissions that he had used force to commit the prior offense on his "son's mother" and, further, had started sexual relations with his natural daughter as soon as he and his girlfriend obtained custody of her, the trial court granted appellant's motion in part. Although appellant was ordered to serve the remainder of his eighteen month sentence on count four, probation was granted as to counts one through three. Appellant's probation was to commence upon his release from prison on count four and was for a period of five years from the date of the hearing. Appellant's probation was conditioned upon the following: (1) no contact with the victim; (2) random drug tests; (3) full-time employment; and (4) counseling.
On June 10, 1996, upon appellant's completion of his sentence on count four, the trial court held a hearing at which it reiterated the conditions of appellant's probation and ordered him "discharged."
On July 15, 1997 the record reflects the trial court conducted a hearing on the probation department's request to modify the conditions of appellant's probation. Appellant's probation officer testified, stating, in essence, that, since appellant had never given her "a problem" for the preceding year, he should be transferred from intensive supervision to regular supervision. The trial court granted the request.
Exactly one week later, on July 22, 1997, appellant failed to report for his regularly-scheduled visit to the new probation officer assigned to his case.
Two days later, on July 24, 1997, appellant was involved in an incident that eventually led to his indictment on charges that he raped the nine-year-old daughter of his girlfriend, Tracy Williams.[3] In December, 1997 appellant's case proceeded to a jury trial.
While the state was presenting its case-in-chief, appellant decided to enter into a plea agreement. However, although appellant initially entered a plea of "guilty" to the charge as amended pursuant to the plea agreement, appellant immediately thereafter changed his mind and stated he wanted "to go with this trial." The record reflects the jury ultimately acquitted appellant of the charges in that case.
Shortly thereafter, on December 8, 1997, the trial court issued a journal entry ordering appellant "remanded pending disposition of probation violation." A subsequent journal entry set a hearing date for the probation violation on January 12, 1998.
On that date, the transcript of the hearing indicates the trial court called appellant's case for a hearing "on the issue of whether or not [appellant] is a probation violator, as well as on the issues of whether or not he's a sexual predator and/or an habitual sexual offender * * *." Appellant was represented by new counsel, whom the trial court recently had assigned upon the withdrawal of appellant's former counsel.
The trial court first considered the evidence pertaining to appellant's probation violation. Appellant's current probation officer stated that appellant had failed to report on July 22, 1997, had been "charged with rape in docket number 354045" of a victim also alleged to be involved with the case for which he was under probation and, further, had threatened Tracy Williams, his former girlfriend, which led to the issuance of a court order against him.
The trial court then inquired of Ms. Williams, permitting the prosecutor and appellant's counsel also to ask questions. Finally, appellant made statements. Appellant admitted he had issued a threat to Ms. Williams. Appellant stated he could not recall that he had given a statement to the police in 1994 admitting knowledge of allegations he had "touched" her daughter's "private areas. Thereafter, the trial court permitted the prosecutor to introduce into evidence, over appellant's objection, the testimony and exhibits that had been received during appellant's December 1997 trial.
The trial court subsequently found appellant to be a probation violator. Appellant's sentence on counts one through three was ordered into execution.
The trial court then considered appellant's status as a sexual predator. The following exchange occurred between appellant's counsel, appellant, the prosecutor and the trial court:
 McDONNELL [DEFENSE COUNSEL]: If I could just put on the record, and it might help Mr. Blair. The prosecutor said she has copies of certain records of his prior convictions which we would stipulate.
 There's an expert witness here, and we have her curriculum vitae which we would stipulate to and she also has a report. I have discussed with my client and he understands that because of this — not really because of this, but because of his two prior convictions that he would meet all the requirements as whatever the prosecutor says, as long as I (sic) go along with those registrations, but it doesn't hurt my chances of appealing the probation violation hearing, then he would go along, because he knows that is what the law would require.
 But he has no objection to signing up with the sheriff anyways (sic). He was prepared to go ahead and do it.
DEFENDANT: I was doing it.
 COUNSEL: He actually was already doing it. So we don't have any problem with that.
[PROSECUTOR]: If I may have these entered?
THE COURT: The stipulations are accepted.
 [PROSECUTOR]: For the record, State's 1 (sic) are certified records of the defendant' s convictions. State's Number 2 (sic) is the curriculum vitae of Martha Keyes, K-e-y-e-s. State's Number 3 (sic) is her report regarding her summary and review of Bennie Blair's records and her finding that he's likely to commit another sex offense by way of scientific certainty.
Subsequently, the trial court issued its order finding appellant to be "both a sexual predator pursuant to R.C. 2950.09
(B) (sic) and a habitual sexual offender pursuant to R.C. 2950.01
(B)."
Appellant now appeals from the trial court's determination and order, presenting nine assignments of error for this court's review. Appellant's strictly constitutional challenges first will be addressed as follows:
 III. R.C. 2950.09, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 IV. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S R.C. 2950.09 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 V. R.C. 2950 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VI. R.C. 2950 IS AN UNCONSTITUTIONAL SILL OF ATTAINDER.
 VII. THE PUBLIC NOTIFICATION PROVISIONS OF R.C. 2950, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 VIII R.C. 2950, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY., IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
The above arguments have been addressed by the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404, and by this court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. All were deemed meritless; hence, these assignments of error are overruled.[4]
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING THE SEXUAL PREDATOR REGISTRATION REQUIREMENTS PURSUANT TO R.C. 2950.04 BECAUSE HE WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF THAT STATUTE.
Appellant argues that based upon this court's opinion in Statev. Hooks (Dec. 18. 1997), Cuyahoga App. No. 72780. unreported, the trial court improperly applied R.C. 2950.04 because the statute"was not in effect at the time of his sentencing." Appellant's argument is unpersuasive.
A review of this court's decision in Hooks reveals its analysis applies only to those cases in which the offense was committed prior to January 1, 1997 but the offender was sentenced between January 1, 1997 and July 1, 1997. Since appellant originally was sentenced on June 2, 1995 and his sentence on counts one through three was ordered into execution on January 15, 1998, his reliance upon Hooks does not avail him. R.C. 2950.09 (B) (1).
Accordingly, appellant's second assignment of error lacks merit; therefore, it is overruled.
Appellant's ninth assignment of error states:
 THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND OF OHIO.
Appellant argues his counsel for the hearing was ineffective because he failed to raise constitutional arguments and stipulated that appellant met the "requirements" to be designated a sexual predator. This court does not agree.
The claim of ineffective assistance of counsel requires proof that "counsel's performance has fallen below an objective standard of reasonable representation" and, in addition, that prejudice arises from counsel's performance. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus; see, also, State v. Lytle (1976), 48 Ohio St.2d 391. The establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result * * * would have been different." State v. Bradley, supra, paragraph three of the syllabus.
The burden is on defendant to prove ineffectiveness of counsel.State v. Smith (1985). 17 Ohio St.3d 98. Trial counsel is strongly presumed to have rendered adequate assistance. Id.; see,also, Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
A review of the record fails to support appellant's argument; rather, it demonstrates appellant's counsel represented him both zealously and capably during the portion of the hearing relating to the alleged probation violation. The record also indicates counsel was thoroughly familiar with the application of the new statutory scheme to the facts of appellant's case. Counsel was an able and diligent advocate for his client in his discussions with the trial court; he simply decided that in view of the overwhelming evidence pertaining to appellant's status as a sexual offender in the trial court's possession, the better strategy to pursue was to focus on pursuing a future appeal of the probation violation decision. This was within the realm of acceptable trial tactics. See, e.g., State v. Brixton (1995),102 Ohio App.3d 28. Moreover, since none of appellant's challenges to R.C. 2950 et seq. has merit, counsel's failure to raise them did not prejudice appellant.
Appellant can demonstrate neither that trial counsel's actions fell below an objective standard of reasonable representation nor that he was prejudiced by trial counsel's actions; therefore, appellant has failed to support his claim he was denied his constitutional right to effective assistance of counsel.
Accordingly, appellant's ninth assignment of error is overruled.
Appellant's first assignment of error states:
 THE TRIAL COURT CONTRAVENED THE PROCEDURAL REQUISITES IMPOSED BY SECTION 2950.09 OF THE REVISED CODE WHEN IT ADJUDICATED THE APPELLANT TO BE A SEXUAL PREDATOR AND THEREBY VIOLATED HIS RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND OF OHIO.
Appellant argues the trial court's action in declaring him to be a sexual predator pursuant to "R.C. 2950.09 (B)" was improper. Appellant contends only subsection (C) applies to his case and further asserts that since there is no indication that the trial court acted pursuant to a recommendation by the state Department of Rehabilitation and Correction, the court could not proceed to conduct a sexual predator determination hearing. Appellant is correct only in part.
In considering this assignment of error, the following analysis set forth by the Sixth District Court of Appeals in State v.Heath (Dec. 18, 1998), Lucas App. No. L-98-1237, unreported, at 3-4, is instructive:
 The first group of offenders to whom the classification of sexual predator may be assigned are specified in R.C. 2950.09 (A). The first group consists of:
 — persons who plead guilty to or are convicted of
 both — a sexually oriented offense that is a sexually violent offense
 and — a sexually violent predator specification that is included
— in the indictment
or — information filed against the person.
 — The plea or conviction must occur on or after January 2, 1997.
 When all of the above listed factors are met, the offender is automatically classified as a sexual predator. Under the facts of this case, appellant does not fit into this first group of offenders.
 The second group of offenders to whom the classification of sexual predator may be assigned are specified in R.C. 2950.09 (B). This group includes persons:
 — sentenced on or after January 1, 1997
(regardless of when they committed the sexually oriented offense)
either for
 — a sexually oriented offense that is not a sexually violent offense
 or — a sexually oriented offense that is a sexually violent offense but no sexually violent predator specification was included in the indictment or information filed against the offender.
 If an offender falls into this category, the statute specifies that the trial judge who will sentence the offender must hold a hearing to decide if the offender is a sexual predator. Furthermore, the statute states: "The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by 2929.19 of the Revised Code." * * *
 The third group of offenders to whom the sexual predator classification can be assigned are specified in R.C. 2950.09 (C). This group includes persons:
 — who pleaded guilty to or who were convicted of a sexually oriented offense before January 1, 1997
 — who were also sentenced before January 1, 1997
 — who were still serving a term of imprisonment in a state correctional institution on or after January 1, 1997.
(Emphasis added.)
From the foregoing, appellant thus is correct when he asserts the trial court's determination in this case was not properly made pursuant to subsection (B). Rather, appellant falls within the purview of subsection (C). A perusal of the transcript of the hearing, however, reveals no allusion ever was made to the application of subsection (B) to the proceedings by any participant. Under these circumstances, the following observations made by this court are pertinent:
 In this instance, defendant was not convicted of a sexually violent predator specification which was included within the indictment, and he was sentenced before the effective date of this statute. Thus, in order to adjudicate defendant as a sexual predator, the trial court was required to proceed in accordance with R.C. 2950.09 (C). While this section provides for the Department of Rehabilitation and Correction to recommend that the sentencing court adjudicate the offender as being a sexual predator, it does not address numerous situations such as the instant case wherein the trial court is called upon to consider the question of defendant's continued confinement, prior to the actual completion of sentence. We therefore hold that the language regarding the recommendation from the Department of Rehabilitation and Correction merely establishes an additional mechanism by which the trial court may consider the issue of whether an offender is a sexual predator. It is not a jurisdictional requirement which must be fulfilled in order for the trial court to engage in the sexual predator determination.
State v. Hardy (Oct. 16, 1997), Cuyahoga App. No. 72463, unreported. (Emphasis added.)
In this case, appellant challenges neither the basis upon which the trial court found him to be a sexual predator, nor the manner in which the trial court chose to consider the issue of his status, nor the jurisdiction of the trial court to conduct the proceedings. This case is thus distinguishable from the situations faced by the courts in State v. Davis (Dec. 1, 1997), Clermont App. No. CA97-03-031, unreported and State v. Heath,supra.
In Davis, the trial court had sentenced the defendant prior to the effective date of the statute, placed him on probation and, further, had continued his probation after determining him to be a probation violator; thus, the defendant was not incarcerated prior to the trial court's consideration of his status pursuant to R.C. 2950.09. In Heath, the defendant was sentenced after the effective date of the statute but had been granted "early release"; thus, he no longer was incarcerated at the time the trial court considered his status pursuant to R.C. 2950.09.
Since the record reflects appellant in this case was jailed pending the resolution of his trial and then remained incarcerated pending the disposition of his probation violation, the facts are more analogous to the situation faced by the trial court in State v. Hardy, supra. Therein, in reviewing the trial court's decision to consider a defendant's status during a hearing ostensibly held "pursuant to R.C. 2950.09 (B)" prior to ruling on his motion for "shock probation," this court indicated the trial court's decision instead was appropriate pursuant to R.C. 2950.09 (C), interpreting the statute to provide a mechanism whereby the trial court could consider its applicability to an incarcerated defendant originally sentenced prior to the effective date of the act despite the lack of a specific recommendation by the Department of Rehabilitation and Correction.
In view of the trial court's revocation of appellant's probation and the journal entry indicating appellant's original sentence was ordered into execution, the lack of any indication in the transcript that the trial court's action was based upon subsection (B), and the presence of overwhelming evidence demonstrating appellant properly was classified as a sexual predator pursuant to subsection (C), it is this court's opinion that the trial court journal entry simply contains a typographical error. See, State v. Burnett (Sep. 18, 1997), Cuyahoga App. No. 73273, unreported.
Thus, appellant's first assignment of error is sustained only in part. Clerical errors in journal entries may be corrected by this court pursuant to App.R. 12 (A) (1) (a). State v. McGee
(Mar. 12, 1998). Cuyahoga App. No. 72148, unreported. That portion of the trial court's judgment that purports to classify appellant as "a sexual predator pursuant to R.C. 2950.09 (B)" is modified to read "as a sexual predator pursuant to R.C. 2950.09
(C)."
The order of the trial court, therefore, is modified and, as modified, is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J. and JOHN T. PATTON, J., CONCUR
 ___________________________________ JUDGE KENNETH A. ROCCO
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B). 22 (D) and 26 (A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S. Ct. Prac. R. II, Section 2 (A) (1).
[1] The record reflects the victim was appellant's natural daughter.
[2] There was a seventeenth count contained in the indictment that related to another defendant, viz., Tracy Williams, charging her with child endangering, R.C. 2919.22.
[3] The record reflects the indictment contained both a "sexual (sic) violent predator specification" and a "repeat violent offender specification."
[4] Moreover, a review of the transcript of the hearing reveals appellant presented no constitutional arguments; therefore, appellant waived them for purposes of appeal. State v.Awan (1986), 22 Ohio St.3d 120.