JOURNAL ENTRY and OPINION
Defendant-appellant, Tyrone Kimbrough, appeals from his plea of guilty to one count of Attempted Robbery, one count of Receiving Stolen Property and one count of Intimidation of a Witness in the Cuyahoga County Court of Common Pleas. The appellant alleges that his pleas of guilty were not voluntarily entered. For the reasons adduced below, we affirm the appellant's plea of guilty and the sentences imposed by the trial court.
On February 9, 1998, the day appellant was scheduled to go to trial, he accepted a plea bargain whereby he would plead guilty to one count of Attempted Robbery, in violation of R.C. 2911.02. Pursuant to the terms of the plea bargain, the state and the appellant's trial attorneys jointly recommended that the trial court impose a sentence of two years of incarceration. The trial court did, in fact, impose the two-year agreed sentence. On February 10, 1998, the appellant entered additional pleas of guilty to one count of Receiving Stolen Property, in violation of R.C. 2913.51, and one count of Intimidation of a Witness, in violation of R.C. 2921.04.[1] The trial court sentenced the appellant to a term of seven months incarceration on the charge of Receiving Stolen Property, to be served consecutively to the term of imprisonment imposed pursuant to the Attempted Robbery plea bargain, and two years on the count of Intimidation of a Witness, to be served concurrent with the two previously imposed sentences.
The appellant requested that counsel be appointed to represent him in the within appeal. This request was granted by this court and appellant's appointed counsel did file an appellate brief. Subsequently, the appellant's appointed counsel was granted leave to withdraw from the appeal and the appellant was granted leave to file a supplemental pro se brief. This opinion will address both the assignments of errors raised in the brief filed by appointed counsel as well as those presented in the supplemental brief filed by the appellant pro se.
The first assignment of error contained in the brief submitted by appointed counsel and the second and third assignments of error contained in the brief submitted by the appellant have a common basis in law and fact and will be addressed concurrently by this court. The first assignment error from the appointed counsel's brief states
 DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
The appellant's pro se brief's second and third assignments of error state:
 DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION X OF THE OHIO CONSTITUTION.
 SUPPRESSION OF EXCULPATORY EVIDENCE BY THE PROSECUTION AND REFUSAL OF THE JUDGE TO GRANT DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle
(1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. * * *
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981)." Strickland, supra, at 691. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
These assignments of error center on appellant's contention that his trial counsel were remiss in failing to file a motion to compel production of certain exculpatory evidence. Specifically, the appellant claims that his trial counsel should have been able to procure a video tape from the surveillance camera in the store which appellant robbed, an incident report from the store, and the "first call to police 911 tape."[2] This issue was thoroughly aired prior to the trial court's acceptance of the appellant's guilty plea. After being advised by appellant's trial counsel that the state denied the existence of any of this evidence[3], the trial court told the appellant that if the case were to proceed to trial, the state would be prohibited from using any of this evidence at trial and that the court would sustain any objection to the attempted introduction of such evidence. The assistant prosecutor assigned to the case represented to the court, on the record, that the evidence in question did not exist. Clearly, nothing further would have been accomplished if the appellant's trial counsel had filed a motion to compel on the identical pieces of evidence. Therefore, the failure of appellant's trial counsel to file a motion to compel did not constitute ineffective assistance of counsel. These assignments of error are not well-taken.
Assigned counsel's second assignment of error and appellant'spro se's fourth assignment of error have a common basis in law and fact and will be addressed concurrently.
Assigned counsel's second assignment of error states:
 DEFENDANT-APPELLANT'S GUILTY PLEA TO INTIMIDATION OF A WITNESS WAS DOUBLE JEOPARDY, NOT SUPPORTED BY SUFFICIENT EVIDENCE OR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant's pro se brief's fourth assignment of error states:
 DEFENDANT-APPELLANT'S GUILTY PLEA TO INTIMIDATION OF A WITNESS WAS DOUBLE JEOPARDY.
Initially, we note that there is typically no evidence introduced at a plea hearing. A plea of guilty need not be "supported by sufficient evidence" nor will a plea be vacated as being "against the manifest weight of the evidence."
The transcript of the plea hearing indicates that the double jeopardy issue was raised by the appellant prior to entering his plea and that it was explained to him that the count of Intimidation of a Witness, to which he plead guilty in this case, was based on an entirely separate and distinct incident from that for which he was charged with Aggravated Menacing in Cleveland Municipal Court. These two incidents, which both involved threatening the same supermarket manager, occurred approximately ten days apart during May of 1997. The second incident, the one for which the appellant was charged in the instant case, involved the appellant's threatening of the store manager for having had him arrested on the Aggravated Menacing charges ten days earlier. Thus, the appellant was not put in double jeopardy by his indictment in this case. These assignments of error are overruled.
Assigned counsel's third assignment of error states:
 THE TRIAL COURT ERRED IN FAILING TO MAKE A FINDING GIVING REASONS FOR THE SENTENCE IMPOSED.
R.C. 2953.08 (D) states in relevant part:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge.
The plain language of R.C. 2953.08 (D) states that as long as a jointly recommended sentence is "authorized by law," the appellate court may not review the sentence. A sentence is authorized by law under R.C. 2953.08 (D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense. State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, unreported, State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported.
In the instant case, the transcript clearly indicates that the appellant was sentenced pursuant to an agreed sentence on the charge of Attempted Robbery to which he entered a plea of guilty, and is, therefore, precluded from appealing that sentence. The record does not indicate that the appellant was sentenced pursuant to an agreed sentence on the remaining two counts.
R.C. 2929.14 (E)(4) governs the imposition of consecutive sentences and states in relevant part:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19 (B)(2) provides that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * *
 (c) If it imposes consecutive sentences under section 2929.12
of the Revised Code, its reasons for imposing the consecutive sentences.
In making the seven-month sentence imposed on the Receiving Stolen Property consecutive to the two two-year sentences that had been imposed concurrently, the trial court stated:
 I am running the two years on the intimidation concurrent. However, I am running the seven months on the receiving stolen property consecutive to your other two year sentences. * * * Frankly, what I'm doing is I'm giving you seven months for the intimidation because I think you ought to have some additional penalty for that * * *.
Therefore, R.C. 2929.14 (E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences.[4] Pursuant to R.C. 2929.19 (B)(2), the trial court must also give the reasons behind its findings. The trial judge took considerable pains to inquire as to the details of each of the offenses prior to making a determination that it was necessary to impose the seven-month sentence for receiving stolen property concurrent to the other two sentences. Yet, although the trial court did conclude that it was necessary to run the sentences consecutive in order to adequately punish the offender, it did not make a finding that consecutive sentences were not disproportionate to the danger the appellant posed to the public. The trial court also failed to make a required finding under either R.C. 2929.14 (E)(4)(b) or (c).
In State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329, the Ohio Supreme Court recently held, in interpreting R.C. 2929.14
(C) and R.C. 2929.19 (B)(2)(d), that a maximum sentence may only be lawfully imposed where the record reflects that the trial court imposed the maximum sentence based on the offender satisfying one of the statutory criteria. The court further held that in addition to making the requisite findings on the record, a trial court must also make a "finding that gives its reasons" on the record, per R.C. 2929.19 (B)(2)(d).
In State v. Cardona (Dec. 16, 1999), Cuyahoga App. No. 75556, unreported, this court held that:
 It is not enough, as the state argues, that the record before the trial court "adequately supports" the imposition of consecutive sentences. Rather, as is apparent from the statutory language of R.C. 2929.14 (E)(4) and R.C. 2929.19 (B)(2)(c), the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. See State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.
Thus, although the trial court appears to have conscientiously decided to run the seven-month sentence on the Receiving Stolen Property count consecutive to the sentences imposed on the other two counts based on the need to adequately punish the appellant, we sustain this assignment of error and remand this case to the trial court for the purpose of allowing the trial court to more fully state its findings which supported the sentence imposed upon the appellant in accordance with the dictates of R.C.2929.14 (E)(4).
The appellant's pro se brief's first assignment of error states:
 THE TRIAL COURT ERRED IN NOT MAKING A RULING ON DEFENDANT-APPELLANT'S MOTION TO DISMISS INDICTMENT FOR FAST AND SPEEDY TRIAL. MOREOVER, TRIAL COUNSEL AND APPELLATE COUNSEL WERE INEFFECTIVE AS A MATTER OF STATE AND FEDERAL CONSTITUTIONAL RIGHTS IN THIS CASE IN CHIEF.
The appellant's contention that he received ineffective assistance of counsel, which is also asserted in his second assignment of error, was addressed earlier in this opinion.
The record clearly shows that the appellant executed a written waiver of his speedy trial rights and subsequently acknowledged that he had done so in open court when the waiver was read into the record. Therefore, this assignment of error is without merit.
The appellant's pro se brief's fifth assignment of error states:
 THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION X OF THE OHIO CONSTITUTION IN ASSUMING JURISDICTION OVER CASE NUMBER 355105, ATTEMPTED ROBBERY; CASE NUMBER 353502, INTIMIDATION OF A WITNESS; AND CASE NUMBER 352606, RECEIVING STOLEN PROPERTY WHICH WERE NOT PROPERLY EXECUTED IN VIOLATION OF OHIO CRIMINAL RULE 3.
This assignment of error, along with the supporting argument in the appellant's pro se brief, is unintelligible. The record does not reflect any irregularity with the trial court's "assuming jurisdiction" over the appellant's three criminal cases, which form the basis for this consolidated appeal. Therefore, this assignment of error is not well taken.
Judgment affirmed in part, reversed in part and remanded for resentencing and further proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for resentencing and further proceedings consistent with this opinion.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RESENTENCING.
 ________________________ MICHAEL J. CORRIGAN JUDGE
 DIANE KARPINSKI, P.J., AND TIMOTHY E. McMONAGLE, J., CONCURS INJUDGMENT ONLY.
[1] The three charges to which the appellant entered pleas of guilty arose out of three separate indictments.
[2] In the appellate brief filed by assigned counsel on behalf of appellant, it is also argued that the existence of this exculpatory evidence necessitated that trial counsel file a motion to vacate guilty plea. As there was no reason for trial counsel to believe that this exculpatory evidence existed prior to the pleas, there was also no reason to believe that the evidence existed subsequent to the plea. There was also absolutely no reason to believe that the trial court would be inclined to look favorably on such a motion given its disposition of these evidentiary issues prior to accepting the appellant's pleas of guilty.
[3] The assistant county prosecutor assigned to the case informed appellant's trial counsel at a pretrial that the 911 tape no longer existed due to an administrative policy whereby tapes are routinely destroyed after a fixed period of time, that no video tape was loaded in the surveillance camera at the time of the incident, and that no incident report was ever prepared by the store. This court has absolutely no reason not to believe that these representations, as to the existence of this purported evidence, are true.
[4] The multiple findings required by R.C. 2929.12 (E)(4), prior to the imposition of consecutive sentences, appear to this court to be somewhat redundant. For instance, a trial court must initially find that consecutive sentences are necessary to protect the public from future crime or to punish the offenderand that the sentences are not disproportionate to the seriousness of the conduct and to the danger the offender poses to the public. It is hard to imagine a sentencing scenario where a trial court could conclude that consecutive sentences were necessary to protect the public or to punish the offender, but were also disproportionate to seriousness of the conduct and the danger posed to the public. Additionally, the statute goes on to require that the court also make one of three additional findings enumerated in R.C. 2929.19 (E)(4)(a),(b), and (c), two of which are basically identical to the earlier findings required of the court. What is the meaningful difference between a finding that "the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct" and a finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct?" What also is the distinction between a finding that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender" and a finding that "consecutive service is necessary to protect the public from future crime * * * and not disproportionate to * * * the danger the offender poses to the public?" R.C. 2929.14 (E)(4) essentially requires that the trial court make at least three separate findings that consecutive sentences are warranted by the offender's conduct and/or are necessary to protect the public.