JOURNAL ENTRY and OPINION
Defendant-appellant herein, Charles Dumars, appeals from the jury verdict in the Cuyahoga County Court of Common Pleas pursuant to which he was found guilty of preparation of drugs for sale, with a juvenile specification, pursuant to R.C. 2925.01, possession of drugs, pursuant to R.C. 2925.11, and possession of criminal tools, pursuant to R.C. 2923.24. The appellant was found not guilty of two counts of corrupting another with drugs, pursuant to R.C. 2925.02. The appellant alleges that he was prejudiced by the introduction into evidence of hearsay testimony and by improper remarks that were allegedly made by the prosecutor during closing arguments. Because our review of the record compels us to conclude that no reversible error was committed, we affirm the judgment of the trial court.
The appellant was stopped on September 25, 1999 while he was driving his black Lincoln Navigator sports utility vehicle. Another male, Quion Jones, was in the front passenger seat of the vehicle and two juvenile females were in the rear passenger seat. The appellant's male companion had several outstanding felony warrants for his arrest and had actively been sought by law enforcement personnel for a period of several weeks prior to the day of this incident. The vehicle was stopped on the basis of an anonymous tip that Jones was in the appellant's vehicle and would be driving around in a black Lincoln Navigator and selling drugs on the afternoon in question.
After the appellant's vehicle was stopped, the police officers noticed the two juvenile females appeared to be acting in a nervous and agitated fashion. One of the girls then voluntarily pulled a large bag of crack cocaine from the front of her pants. The bag contained two hundred sixty rocks weighing a total of 33.84 grams of crack cocaine. The girls stated that they had been told to attempt to conceal the bag containing the crack cocaine when the vehicle was pulled over.
One of the officers at the scene of the arrest stated that the appellant asked to speak to him privately and then told him that the drugs belonged to Jones and that it was Jones who had asked the juvenile females to attempt to conceal the bag of crack cocaine. Two detectives who were present at the arrest and/or booking of the appellant stated at trial that the appellant claimed to them that the crack cocaine, as well as beer and marijuana found in the vehicle, belonged to the two young girls.
One of the juveniles in the vehicle provided testimony against the appellant. She stated that when the vehicle was pulled over, the appellant Jones, who was in the passenger seat, said to get the shit out of the glove compartment. She further testified that after Jones had removed the bag of crack cocaine from the glove compartment, the appellant and/or Jones asked the girls to stuff the drugs down their pants.
The appellant testified at trial that he was merely kicking it on the day that he was arrested and that he did not realize that his friend had a large quantity of crack cocaine on his person. The appellant further stated that the various stops the two made in the appellant's vehicle were merely for the purpose of talking to people and that he did not know the reason why his companion wanted him to drive to a residence at the Lake Shore trailer park. It was as the appellant's vehicle was exiting the trailer park that it was pulled over by the police officers who had been conducting surveillance. The appellant admitted to yelling at Jones to get the drugs out of the glove compartment, but stated that he had just learned of the existence of the drugs when he witnessed Jones pull the bag out of his pants and put it into the glove compartment.
The appellant assigns a total of three errors for this court's review arising out of the alleged admission of improper evidence and improper remarks made by the prosecutor at trial. The first assignment of error states:
 I. CHARLES DUMARS WAS DENIED HIS CONSTITUTIONAL RIGHT OF CONFRONTATION BY THE REPEATED HEARSAY TESTIMONY INTRODUCED AGAINST HIM.
Because appellant's trial counsel did not object to the alleged hearsay statements at trial, we review this assignment of error under a plain error analysis. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent the manifest miscarriage of justice. State v. Landrum (1990), 53 Ohio St.3d 107, 111,559 N.E.2d 710. Therefore, any claim of error is waived unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Underwood (1983), 3 Ohio St.3d 12, 444 N.E.2d 1332.
The alleged hearsay statements in the instant case involved statements from various officers who testified that they had been told by informants that Jones was dealing drugs in the area of E. 156 Street and Lakeshore Boulevard out of a black Lincoln Navigator. None of the officers testified that they were ever told that the appellant was dealing drugs, although one officer testified that he was told that Quion Jones was being driven around by a tall, thin, light skinned black male by the name of Charles. Hearsay" is defined as a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). The statements objected to by the appellant in this assignment of error were not offered to prove the truth of the matter asserted. The information merely provided the background upon which the officers decided to stop the appellant's vehicle. The appellant was not charged with chauffeuring Quion Jones around town during the approximately two week period before the arrests were made. All of the charges contained in the indictment arose out of the narcotics and other contraband found in the appellant's car, which he was driving, on the day he was arrested. The jury's verdict was based on the strong direct and circumstantial evidence that the appellant was aware of the presence of crack cocaine in his vehicle, as well as the presence of two juveniles in the back seat, on September 25, 1999, at the time that his vehicle was stopped.
The most compelling evidence against the appellant was the testimony of one of the girls in the back seat who testified that the appellant yelled to Quion Jones to get the drugs out of his glove compartment at the time he realized that he was being pulled over, indicating that the appellant was aware of the existence of the drugs. The appellant's credibility was also damaged by the inconsistent statements he gave to the arresting officers as to the source of the narcotics and other contraband found in his vehicle.
Thus, we do not conclude that but for the statements made by the police officers that the outcome of the trial would have been different. Finding no plain error, this assignment of error is overruled.
The appellant's second assignment of error states:
 II. CHARLES DUMARS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989), 42 Ohio St.3d 136, that:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. * * *
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981). Strickland, supra, at 691. To warrant reversal, [t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
The appellant alleges that his counsel's representation was deficient because he did not object to the alleged hearsay statements made by the police officers who testified that they had received information that Quion Jones was being driven around in a vehicle matching the description of the appellant's vehicle. The failure to object alone is not enough to sustain a claim of ineffective assistance of counsel. State v. Fears (1999), 86 Ohio St.3d 329, 715 N.E.2d 136.
We already concluded in our disposition of the first assignment of error that the alleged hearsay statements were not in fact hearsay, and that but for their admission the outcome of the trial would not have been different. Thus, we cannot conclude that had trial counsel objected to these statements, a reasonable probability exists that the outcome of the trial would have been different. This assignment of error is overruled.
The appellant's third assignment of error states:
 III. CHARLES DUMARS WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT IN THE CLOSING ARGUMENTS.
The alleged misconduct referred to in this assignment of error was the prosecutor's statements during closing argument that the juvenile female witness who testified that the appellant was aware that the drugs were in his vehicle did not prevaricate or waver during the course of her testimony. We fail to see how these remarks rise to the level of prosecutorial misconduct.
Appellant did not object to the prosecutor's comments. He has waived all but plain error on appeal. State v. Stojetz (1999), 84 Ohio St.3d 452,705 N.E.2d 329. Prosecutors have wide latitude in closing argument and may comment upon the testimony and suggest conclusions which may be drawn from the evidence. State v. Hart (1994), 94 Ohio App.3d 665, 671,641 N.E.2d 755; State v. Johnson (Oct. 26, 2000), Cuyahoga App. No. 77494, unreported. It is axiomatic that closing arguments do not constitute evidence.
The prosecutor in this case properly commented upon this evidence during closing argument and suggested conclusions which could be drawn from the evidence. The jury had heard the testimony of the witness to whom the prosecutor referred and was free to draw their own conclusions as to her demeanor and veracity. If the witness had in fact prevaricated or lied on the stand, the fact the prosecutor stated that she had not would not have convinced the jury otherwise. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ MICHAEL J. CORRIGAN, P.J.