OPINION
Defendant-appellant, Raymond Britton, Jr., appeals from his sentence and adjudication as a sexual predator in the Clermont County Court of Common Pleas. We affirm the decision of the trial court.
Appellant was indicted in August 2000 on one count each of rape and kidnapping. The charges stemmed from an incident that occurred on August 19, 2000 wherein appellant allegedly forced a female acquaintance of his ("the victim") to perform fellatio on him in the parking lot of a bar on Old State Route 74 while the victim was sick and vomiting. As part of a plea agreement, and in exchange for the state's dismissal of the kidnapping charge, appellant pled guilty on November 22, 2000 to one count of sexual battery in violation of R.C. 2907.03(A)(1), a third-degree felony.
The trial court held a sentencing and sexual predator hearing on December 15, 2000 during which it referred to appellant's presentence investigation report ("PSI"). The PSI reveals that appellant has a prior criminal record which includes sexually-oriented offenses. By judgment entry filed December 28, 2000, the trial court sentenced appellant to a five-year prison term, the maximum allowable term for a third-degree felony. The trial court also adjudicated appellant to be a sexual predator pursuant to R.C. Chapter 2950. This appeal followed in which appellant raises three assignments of error.
Assignment of Error No. I:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ORDERING THE DEFENDANT-APPELLANT TO SERVE SUCH AN EXCESSIVE SENTENCE.
 Under this assignment of error, appellant challenges the trial court's decision to sentence him to more than the minimum prison term and to sentence him to the maximum prison term for a third-degree felony. Appellant contends that considering that his last offense occurred almost ten years ago and that most of his prior sexually-oriented offenses were reduced to misdemeanors, his sentence was excessive.
An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953 08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender. R.C. 2929.11(A).
The Decision to Impose More than the Minimum Prison Term
R.C. 2929.14(B) provides that if an offender, like appellant, has not previously served a prison term, the trial court must impose the minimum prison term unless it finds on the record that a minimum sentence would "demean the seriousness of the offender's conduct or [would] not adequately protect the public from future crime by the offender or others." A trial court imposing a prison term greater than the minimum term need not specify its underlying reasons on the record. State v.Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, it is sufficient that the record reflects that the trial court engaged in the statutory analysis and found either or both of the R.C. 2929.14(B) exceptions warranted a sentence greater than the minimum term. State v. Boshko
(2000), 139 Ohio App.3d 827, 835.
Appellant was convicted of sexual battery, a third-degree felony. The possible prison term for a third-degree felony is one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court specifically found in its judgment entry sentencing appellant "that the shortest prison term will demean the seriousness of the [d]efendant's conduct and that the shortest prison term will not adequately protect the public from future crime by the [d]efendant or others." The trial court made the same finding on the record at the sentencing hearing. Therefore, the trial court's decision to sentence appellant to a prison term greater that the minimum prison term is supported by the record and is not contrary to law.
The Decision to Impose the Maximum Prison Term
A trial court may impose the maximum prison term upon an offender only if the trial court finds on the record that the offender "committed the worst for[m] of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum prison term. R.C. 2929.19(B)(2)(d) and (e); State v. Beard
(Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported. In considering whether an offender has committed the worst form of the offense, the trial court must consider the totality of the circumstances, State v. Garrard (1997), 124 Ohio App.3d 718, 722, and is guided by the seriousness and recidivism factors listed in R.C. 2929.12.
The relevant seriousness factors include:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition * * * of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
 R.C. 2929.12(B). In turn, the relevant recidivism factors include:
 (2) The offender * * * has a history of criminal convictions.
 (3) The offender * * * has not responded favorably to sanctions previously imposed for criminal convictions.
* * *
 (5) The offender shows no genuine remorse for the offense.
R.C. 2929.12(D).
Appellant's PSI reveals that between 1977 and 1991, appellant was charged with assault, aggravated burglary, and disorderly conduct. While the aggravated burglary charge and one assault charge were eventually dismissed, the disorderly conduct charge and the other assault charge resulted in convictions. More troubling, the PSI also reveals that appellant was charged in 1977 with attempted sexual battery for allegedly attempting to insert his penis in the anus of his thirteen-year-old stepson. Appellant denied doing such a thing. The charge was amended to sexual imposition. Appellant was also charged in 1980 with rape for allegedly compelling his niece to engage in sexual conduct with him. Appellant denied any sexual contact with his niece but admitted giving her alcohol. The charge was amended to contributing to the delinquency of a minor.
In its judgment entry sentencing appellant as well as on the record at the sentencing hearing, the trial court specifically found that appellant had committed the worst form of the offense and that he posed the greatest likelihood of recidivism. In the trial court's words,
 [T]he defendant's relationship with the victim facilitated the offense. They were neighbors, she had reason to believe that Mr. Britton would not engage in this type of conduct. * * * The victim suffered serious psychological harm.
 In terms of recidivism factors, * * * the defendant was convicted of sexually assaulting his stepson. Although it was amended from a felony to a misdemeanor, the facts are that he was convicted of having sexual contact with a 13-year-old child. He was placed on probation and, while this offense has occurred over 20 years later, the fact is I think by definition he's not been rehabilitated. The hope is someone who's placed on probation for a sex offense does not commit another sex offense.
 After he committed that offense, almost two years to a day later he committed the weapons offense. That actually was amended to carrying a concealed weapon as a misdemeanor of the third degree. Less than a year later after that, he committed the offense of contributing to the delinquency of a minor, and was placed on probation. Committed an assault offense against his girl friend later in the 1980's, and now has committed this offense. Certainly the prior sex offenses and now committing another sex offense makes recidivism more likely.
 Certainly the fact that he assumes no responsibility, no real responsibility, he denies although he pled guilty to the offense involving his stepson, he denies any responsibility, denies he committed that offense. And this offense he basically blames, for the most part * * * on the victim. After she became sick and was ill in the parking lot and vomited, he says she voluntarily engaged in * * * a romantic interlude with Mr. Britton, and he just went too far and she said no. * * * But it seems to me that under the facts of this case the conduct was extremely cruel, predatory, frankly rather disgusting. The victim was injured out of the incident.
 After thoroughly reviewing the record, we find it supports the trial court's findings that appellant committed one of the worst forms of sexual battery and that he poses the greatest likelihood of recidivism. We therefore find that the trial court properly sentenced appellant to the maximum prison term for his offense. Appellant's first assignment of error is overruled.
Assignment of Error No. II:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN CLASSIFYING HIM AS A SEXUAL PREDATOR.
 Under this assignment of error, appellant challenges the trial court's determination that he is a sexual predator. Appellant contends that considering that his last offense occurred almost ten years ago, which "speaks a great deal to the Appellant's efforts to rehabilitate himself[,]" and that his prior misdemeanor sexually-oriented offenses occurred many years ago, an incident in 2000 between appellant and a grown woman who had invited him to a bar does not rise to the level that he should be classified as a sexual predator.
Pursuant to R.C. 2950.09(C)(2)(b), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. In determining whether a defendant is a sexual predator, the trial court must consider all relevant factors, including the factors listed in R.C.2950.09(B)(2). The trial court may use reliable hearsay such as a presentence investigation report in making the sexual predator determination. State v. Cook (1998), 83 Ohio St.3d 404, 425. The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). State v. Fugate
(Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, at 7. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. Boshko, 139 Ohio App.3d at 840.
In determining that appellant was a sexual predator, the trial court found that:
 [T]hree different times prior to this, Mr. Britton has been charged with serious sex offenses. High-level sex offenses. And in one case he was charged based on a complaint by his 13-year-old stepson, * * * attempted sexual battery was the charge. And in another case he was charged with rape based upon allegations of sexual conduct with his niece.
 Then in '91 he was charged with * * * aggravated burglary that was eventually dismissed, but it also had implications in terms of him forcing himself on his sister. * * *.
 And I can take into account the circumstances of this case * * *. Even by Mr. Britton's statement, involves someone who was vulnerable because they were ill. Went outside the bar * * * to vomit, and Mr. Britton then sexually assaulted that individual. His explanation is that it was voluntary. It's kind of hard to conceive of one who is ill outside a bar vomiting on the pavement, voluntarily engaging in this act.
 * * * Certainly I think any sex offense generally involves cruelty, but this I think involves particular cruelty. * * *.
 Mr. Britton obviously was not rehabilitated after having committed the earlier sex offenses in terms of his commission now of this offense. * * * I don't think he's treatable. He has assumed no responsibility for the offense involving his stepson, even though he pled guilty to that offense. Basically has minimized the contributing to the delinquency of a minor offense. And in this case, he has minimized his own involvement in this case. It seems to me that all of those facts indicate that Mr. Britton is likely to commit one or more sexually-oriented offenses in the future.
 The foregoing shows that the trial court considered the evidence that weighed in favor of finding some of the statutory factors listed in R.C. 2950.09(B)(2). After thoroughly reviewing the record, we find that there is clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's second assignment of error is overruled.
Assignment of Error No. III:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN THE APPOINTMENT OF COUNSEL.
 Under this assignment of error, contrary to the foregoing language, appellant does not challenge the appointment of his trial counsel. Rather, appellant argues that his trial counsel was ineffective at the sentencing hearing for failing to "bring to the court's attention a few good points * * * about the Appellant[,]" such as the fact that at least ten years had passed since appellant's last conviction, and the fact that appellant's behavior in this particular incident was distinguishable from the prior sexually-oriented offenses.
Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington (1984), 466 U.S. 668,688, 104 S.Ct. 2052, 2064, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
It is also well-established that a properly licensed attorney is presumed competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. Any questions regarding the effectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689, 104 S.Ct. at 2065. A presumption exists that "under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
Appellant's assertion of ineffective assistance of trial counsel essentially focuses on the fact that he does not agree with his trial counsel's tactics during the sentencing hearing. Appellant "has offered no authority to support his proposition that a mitigation plea has to be of a minimum length[.]" State v. Meadows (Dec. 17, 1999), Lucas App. Nos. L-98-1424 and L-98-1425, 1999 WL 1203773, at *4, unreported. In addition, the trial court was clearly appalled by appellant's conduct underlying the sexual battery conviction, his seemingly lack of rehabilitation, and his prior sexually-oriented offenses. Under those circumstances, his trial counsel's failure to "bring to the court's attention a few good points" may very well have been a deliberate tactical decision.
In light of the foregoing, we therefore find that appellant's claim of ineffective assistance of counsel is meritless. Appellant's third assignment of error is overruled.
VALEN and WALSH, JJ., concur.