Stobart v. Haskins, Supt., London Correctional Institution.

[Cite as Stobart v. Haskins, Supt., 1 Ohio St. 2d 73.]

(No. 39115—Decided January 20, 1965.)

Mr. George Donald Stobart, Jr., in propria persona.

Mr. William B. Saxbe, attorney general, and Mr. William C. Baird, for respondent.

Per Curiam. Petitioner's primary contention in this action is that he was tricked into signing a confession and entering his subsequent plea of guilty by promises of the prosecuting attorney and the sheriff that if he would plead guilty he would

be placed on probation. He contends further that the sheriff offered a further inducement that, if he would confess and plead guilty, no action would be taken against his younger brother.

The Attorney General on behalf of respondent presented as witnesses the prosecuting attorney and the sheriff. Both these witnesses stated they distinctly remembered petitioner, and they categorically denied that any promise of probation was made to petitioner. The sheriff specifically denied that he told petitioner that if he would confess and plead guilty they would not bother his brother. The sheriff testified further that he was in the room when petitioner's confession was taken, and that no promises were made to him. Our conclusion is that petitioner's contention in this respect is not well taken.

Petitioner argues further that the confession was illegal because it was obtained prior to his preliminary hearing. Inasmuch as petitioner pleaded guilty, this confession was not introduced into evidence and thus had no effect on his conviction under a plea of guilty. *Caldwell* v. *Haskins, Supt.*, 176 Ohio St. 261.

Petitioner contends also that there was a search of the premises on which he was arrested without a search warrant, and, thus, his constitutional rights were invaded. By petitioner's own statement, no evidence was secured during such search.

Finally, petitioner urges that he was held several days before he was taken before a magistrate. An illegal detention prior to a preliminary hearing does not entitle an accused to release after his conviction upon a plea of guilty. *Churchill* v. *Haskins, Supt.*, 176 Ohio St. 183; *Henderson* v. *Maxwell, Warden*, 176 Ohio St. 187.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.