VAUGHN v. MAXWELL, WARDEN.

(No. 39408—Decided June 23, 1965.)

*Mr. James W. Vaughn,* in *propria persona.*
*Mr. William B. Saxbe,* attorney general, and *Mr. William
C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner is attacking the
validity of his indictment, the fact that he was held three days
incommunicado before he was taken before a magistrate, the
failure of the court to appoint counsel prior to arraignment and
the competency of his counsel.

In relation to the first count charging malicious entry of a
financial institution, petitioner urges that this count was void
because it did not allege "a financial institution which receives
for safekeeping the moneys of public funds of individuals or
corporations." The indictment alleged "maliciously break and
enter, The Evanston Building & Loan Company." He urges
further that The Evanston Building & Loan Company is not
a financial institution because it is not a member of the Federal
Deposit Insurance Corporation. Membership in this corpora-
tion is not a prerequisite to being a financial institution.

The purpose of an indictment is to inform the accused of the
crime with which he is charged. *Weaver* v. *Sacks, Warden,* 173

Ohio St. 415. It is not necessary to use the exact words of the statute.

Section 2907.14, Revised Code, as in effect in 1958, read in part as follows:

"No person shall, by day or night, maliciously enter a bank or other financial institution which receives upon deposit or otherwise for safekeeping the moneys or public funds of individuals or corporations, and attempt to commit or commit a felony with firearms or other deadly weapons."

A building and loan company receives on deposit or otherwise moneys of individuals. Thus, a building and loan company is a financial institution within the meaning of Section 2907.14, Revised Code, and inasmuch as the exact institution involved was named, petitoner was fully informed of the crime for which he was charged. Petitioner's argument in this respect is not well taken.

As to the second count, petitioner contends that the money was not taken from the person of the named victim but from a cash drawer, and that the money was not the personal property of the victim as recited in the indictment but that it belonged to the building and loan company.

The crime of armed robbery does not require that the property actually be taken from the person of the victim; it is sufficient if the money is in his presence and under his immediate control. 47 Ohio Jurisprudence 2d 574, Robbery, Section 6. This is true also as to ownership, control is sufficient. Inasmuch as the victim was the assistant manager of the building and loan company, these funds were under his control.

An allegation of ownership of the property taken is unnecessary in an indictment for armed robbery. It is necessary only that there be allegations that show that the property did not belong to the accused. 77 Corpus Juris Secundum 475, Robbery, Section 38. They need only negative the ownership by the accused. 42 Corpus Juris Secundum 1054, Indictments and Informations, Section 143. The allegation herein was superfluous and did not affect the validity of the indictment. Thus, this count in the indictment was valid.

Next, petitioner urges that he was held incommunicado three days. He makes no allegation that he made incriminating

statements during this period. Mere illegal detention prior to the preliminary hearing does not entitle an accused to release after conviction. *Churchill* v. *Haskins, Supt.*, 176 Ohio St. 183; and *Stobart* v. *Haskins, Supt.*, 1 Ohio St. 2d 73.

So far as petitioner's argument in relation to the failure of the court to appoint counsel prior to arraignment is concerned, there is nothing in the evidence to indicate that petitioner was in any way prejudiced by lack of counsel during the period prior to the arraignment. Therefore, his argument is without merit. *Banks* v. *Maxwell, Warden*, 175 Ohio St. 435.

Petitioner's final contention is that he was represented by incompetent counsel. The only evidence of such incompetency before the court is the petitioner's own evaluation of the ability of his counsel. Petitioner contends that his lawyer told the jury that he was inexperienced in criminal law. This is a common trial tactic indulged in by many experienced lawyers. Petitioner produced no actual evidence of any incompetency of his counsel. It might be pointed out that petitioner states that his codefendants were represented by competent counsel, yet he does not contend that the counsel representing his codefendants achieved any better results than his own counsel.

In the absence of positive proof to the contrary, certainly there is a reasonable inference that one licensed by the state to practice law and appointed by a court to represent an accused did competently and properly represent such accused during his trial. *McGee* v. *Crouse*, 190 Kans. 615.

Petitioner's contention in this respect is not well taken.

*Petitioner remanded to custody.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.