Applicant, Jerry Key, has filed a timely application for reopening pursuant to App.R. 26 (B). The applicant is attempting to reopen the judgment of this Court, as rendered in State v. Key (Oct. 9, 1998), Cuyahoga App. No. 73552, unreported, which affirmed the applicant's sentence of incarceration with regard to two counts of aggravated burglary (R.C. 2911.11) and one count of theft (R.C. 2913.02). We decline to grant the application for reopening.
The applicant, through his application for reopening, argues that appellate counsel was ineffective upon direct appeal as a result of failing to argue "the constitutional violations procured by appellant in discrimination, cruel and unusual punishment, equal protection and due process of law under ArticleI, Section 2, 9, 16 of the Ohio Constitution and Fifth, Eighth
and Fourteenth Amendments to the United States Constitution in appeal brief filed on April 10, 1998." In essence, the applicant argues that he should have been sentenced under the guidelines of the amended provisions of Am. Sub. S. B. No. 2 ("S.B. 2"). A review of the applicant's brief in support of his application for reopening fails to demonstrate the existence of ineffective assistance of appellate counsel. In an appeal to this Court, appellate counsel is not required to argue assignments of error which are meritless or frivolous. Jones V. Barnes (1983),463 U.S. 745. Consideration of the applicant's "constitutional" arguments, as raised in the application for reopening, would not have resulted in a reversal of the applicant's sentence of incarceration. The applicant is further instructed to review the judgment of the Supreme Court of Ohio, as found in State v. Rush
(1998), 83 Ohio St.3d 53, which held that the amended sentencing provisions of S.B. 2 are applicable only to those crimes committed on or after July 1, 1996. The Supreme Court of Ohio further held that the application of S.B. 2, to only those crimes committed after July 1, 1996, was constitutional. Appellate counsel was not ineffective upon appeal to this Court. Stricklandv. Washington (1984), 466 U.S. 668; State v. Smith (1985),17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
Accordingly, the applicant's application for reopening is denied.
O'DONNELL, J., AND KILBANE, J., CONCUR
 _____________________________ ANN DYKE, PRESIDING JUDGE