OPINION AND JUDGMENT ENTRY
This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, Edward L. Kirkwood, was found guilty by a jury of aggravated robbery, a violation of R.C. 2911.01, and aggravated burglary, a violation of R.C. 2911.11. Appellant asserts the following assignments of error:
 "I. DEFENDANT-APPELLANT'S CONVICTIONS ARE SUPPORTED BY INSUFFICIENT EVIDENCE AND ARE THEREFORE A DENIAL OF DUE PROCESS.
 II. DEFENDANT-APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. INSOFAR AS ANY ERROR COMPLAINED OF WAS NOT ADEQUATELY PRESERVED BELOW, DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."
Appellant's trial commenced on October 6, 1998. Seventy year-old Harold Lindsey testified that on the morning of March 17, 1998, he was home alone when he decided to take the garbage outside. As he was walking up his front steps, he was approached by a man who claimed to be out of gas. Lindsey told the man he didn't have any gas. The man then asked for a glass of water. Lindsey told him he didn't have any water either and continued into his house. While inside, he could see the man standing around a back window. Lindsey decided to go down to his basement to retrieve a baseball bat for protection. Unable to find the bat, he came back upstairs. He could still see the face of the man through his window. Lindsey testified he then heard the man breaking down his back door. Lindsey grabbed the phone and called 911 to report the break-in. While he was on the phone with the operator, the man entered his living room carrying a knife. The man violently grabbed Lindsey's wallet from his back pocket, in the process, ripping Lindsey's pants. The man then ran out of the house. Lindsey later identified appellant from a photo array as the man who broke into his house. In court, he once again identified appellant as the perpetrator.
Pamela McMillan, a neighbor of Lindsey's, testified she saw a man knock on another neighbor's door at approximately 7:45 a.m. on March 17, 1998. McMillan knew her neighbor was gone from the house so she asked the man if she could help him. The man told McMillan that the neighbor had asked him to do some yard work. McMillan was suspicious of the man because she knew her neighbor only had other neighbors or family members do her yard work. The man then walked away. McMillan watched as he walked to Lindsey's home and knocked on the door. She then drove by Lindsey's house and continued on to work when she did not see the man. Later that day, after hearing about the incident at the Lindsey home, she went to the police station and gave a description of the man she had seen. In court, she identified appellant as the man she had seen on March 17, 1998.
Appellant's first two assignments of error will be considered together. Appellant challenges the sufficiency and weight of the evidence as to the identity of appellant as the perpetrator.
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259,, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S. Ct. 2781, 61 L.Ed.2d 560. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.
Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387. Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Thompkins, Id. In so doing, the court of appeals sits as a "thirteenth juror." and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id, citation omitted. Determinations of witness credibility are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
Twice, Lindsey was face to face with the perpetrator. He testified that he had suffered a stroke approximately five years ago. Because of the stroke he has difficulty moving around. He testified that he has worn glasses for nearsightedness since he was a child. Before the robbery he learned he had cataracts. Despite these shortcomings, Lindsey unequivocally identified appellant as the perpetrator from a photo array and later, in open court.
McMillan, a former Block Watch leader, testified that she saw appellant's face from approximately one hundred fifty feet away. She testified that she paid particular attention to appellant because her neighbor had asked her to look out for strangers. In her description of appellant to the police, McMillan described clothing similar to that later found at appellant's house.
Based on the verdicts in this case, it is obvious that the jury, in their role as triers of fact, found the above identifications to be credible. Accordingly, appellant's first two assignments of error are found not well-taken.
In his third and final assignment of error, appellant contends his counsel was ineffective in not objecting to the witnesses' identification of appellant.
The standard for evaluating an ineffective assistance of counsel claim was enunciated by the Supreme Court of Ohio in Statev. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, as follows:
 "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391; Strickland v. Washington
[1984], 466 U.S. 668, followed.)
 "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors. the result of the trial would have been different."
Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142 quoting Strickland, supra, at 689. Ohio presumes a licensed attorney is competent.
Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
Having already determined that no reversible error exists in the witness identifications of appellant, appellant's third assignment of error is found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. JUDGE
James R. Sherck, J. JUDGE
Richard W. Knepper, J. JUDGE
CONCUR.