OPINION
This is an appeal from the judgment of the Franklin County Court of Common Pleas. On July 1, 1999, defendant-appellant, Gerald Tackett, pleaded guilty to felony non-support and was sentenced to eighteen months in prison. On November 25, 1999, he filed a petition for post-conviction relief or, in the alternative, to withdraw his plea of guilty. The trial court denied both motions, and appellant takes this appeal designating one claim of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S PETITION FOR POST CONVICTION RELIEF OR WITHDRAW OF PLEA WITHOUT AN EVIDENTIARY HEARING WHERE SAID PETITION WAS BASED UPON MATTERS AND EVIDENCE DEHORS THE RECORD, AND WHERE THE PETITION ALLEGED FACTS WHICH, IF PROVED, WOULD ENTITLE APPELLANT TO RELIEF.
Appellant claims that his guilty plea was not knowingly and intelligently made because his trial counsel was ineffective by failing to properly investigate the matter, and by failing to assert matters which would constitute an affirmative defense to the charge of non-support. The second claim is that an evidentiary hearing was necessary to establish counsel's ineffectiveness because the matters he wished to raise were outside the record in this case.
To sustain an assertion of ineffective assistance of counsel, a party must meet the two-prong test enunciated by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668:
 * * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. * * *
In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Strickland,supra. To prevail on an assertion of ineffective assistance of counsel, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland, supra.
In analyzing the second prong of the Strickland test, the defendant must demonstrate more than mere hindsight. He must prove that he has been prejudiced and that that prejudice has forced an outcome different than that which would have occurred. To warrant reversal, "`[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" State v. Bradley (1989), 42 Ohio St.3d 136,142, citing Strickland, at 694.
On the issue of counsel's effectiveness, appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299; State v. Williams (1969), 19 Ohio App.2d 234; State v. Lytle
(1976), 48 Ohio St.2d 391, 397.
Further, "`[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'"Bradley, at 142, citing Strickland, at 691. Accordingly, a reviewing court may first consider whether the defendant was prejudiced before reaching the ineffective performance issue.Bradley, at 143. To prove prejudice, the defendant must show a reasonable probability that, were it not for counsel's errors, the result would be different. State v. Green (1993), 66 Ohio St.3d 141
. Reasonable probability means "sufficient to undermine confidence in the outcome," and does not mean "some conceivable effect." State v. Johnson (Mar. 4, 1993), Cuyahoga App. No. 61904, unreported, citing Bradley, supra.
Appellant asserts that he has an affirmative defense to the non-support charge under R. C. 2919.21(D), which provides:
 It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means.
Appellant argues that, in the fifty months preceding his plea, he had been free only twenty-one of them. He also asserts that he had medical problems and seizures, which prevented him from working. He claims his trial counsel failed to investigate these matters, but the record belies this contention. In his statement for mitigation made to the court prior to sentencing, Mr. Settina commented on his client's inability to pay support while incarcerated and the difficulty in re-establishing himself upon his release. He specifically mentioned the grand mal seizures, which caused appellant to lose some jobs but that they were now under control with Dilantin. Clearly, counsel was aware of the facts of appellant's situation.
Appellant asserts that these matters should have been presented to the court as affirmative defenses at trial rather than in mitigation at sentencing, but that is a matter of trial strategy and, frankly, not a bad strategy. The jailing of a parent for non-support is always counterproductive because no support can be earned during incarceration, and a court might prefer to have the defendant out of jail, working, paying current support, and making payments on back support. Trial counsel's statement, along with appellant's prepared statement, focused the court's attention on this.
In addition, it is unlikely that the affirmative defense under R.C. 2919.21(D) would have proved successful, even if it could have been established. In enacting R.C. 2919.21(D), the legislature recognized that there are circumstances which may affect a parent's ability to pay support, such as layoffs, strikes, accidents, illnesses, and the like. The legislature decided that such an unfortunate parent should not be held criminally liable for circumstances beyond their control, which prevents exact compliance with support obligations; however, the legislature also required that such a parent do the best he can. In order to establish a defense under R.C. 2919.21(D), a defendant must be able to show that he "did provide the support that was within the accused's ability and means."
Nothing in the record in this case, nor in the matters outside the record presented in support of appellant's motion, show any attempt on the part of appellant to provide support. The only money paid were those sums which were seized before he received them. This court cannot fault trial counsel for his decision not to go to trial where he would have the burden of proof in establishing that appellant did the best he could within his ability and means. There is nothing to indicate that trial counsel's performance was deficient or ineffective. It is apparent that both trial counsel and appellant expected a sentence less than the maximum, but that does not establish grounds for post-conviction relief or for the withdrawal of the guilty plea.
Appellant asserts, as part of his assignment of error, that the trial court should have conducted an evidentiary hearing in order to allow him to present matters outside the record. From the discussion above, it is apparent that the matters are, in fact, shown in the record and that an evidentiary hearing was not necessary.
Based on the foregoing, appellant's assignment of error is not well-taken and is overruled, and the judgment of the trial court is affirmed.
BROWN and BRYANT, JJ., concur.
GREY, J., retired, of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.