JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Andres Kelley, aka Andres Kelly ("appellant"), appeals from the trial court's verdict finding him guilty of felonious assault and firearm specifications. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} Harold Pearl ("Harold") was the victim and the first witness in the case. The shooting in question occurred on September 1, 2002. Harold was the prior boyfriend of Victoria Shropshire ("Victoria"); they had previously broken up in January 2002. Victoria's new boyfriend, Andres Kelley, is the defendant-appellant herein. On September 1, 2002, Harold was in a store parking lot when he saw Victoria and a couple of other men drive by in a car. Later that day, appellant asked Harold whether he had seen Victoria. Harold responded that he had seen her drive by in a car with a couple of other men earlier. Appellant drove away cursing.[1] Later that same evening, Harold was across the street from his home getting his hair braided when his sister came over and told him that Victoria wanted to see him. Harold went to the location and was confronted by Victoria who said that Harold was lying.
 {¶ 3} Appellant, who was hiding in the bushes listening, jumped out of the bushes with a shotgun and ordered Harold to kneel on the ground. Appellant then struck Harold in the face with the shotgun. Victoria told appellant that the girl standing and watching was Harold's sister Angela ("Angela") and that he should shoot her. Appellant then turned the gun on Angela.[2] Angela was holding a one-year-old child that she was babysitting at the time. When appellant turned the gun on Angela and the baby, Harold jumped up and pushed appellant away. Harold and Angela both ran away from appellant. Harold was jumping over a fence when he was shot in the back. Someone called 911, and the police and EMS arrived at the scene. Harold was taken to Huron Road Hospital. He survived, but sustained significant injuries to his arm and back from the shotgun buckshot.
 {¶ 4} Appellant was indicted with two counts of felonious assault. Count one charged appellant with causing serious physical harm, R.C. 2903.11(A), and count two charged him with causing physical harm with a deadly weapon, R.C. 2911.03(B). Each count contained both one- and three-year firearm specifications. On July 21, 2003, the jury found appellant guilty of felonious assault with a three-year sentence for the firearm specification. The trial judge sentenced appellant on the same day and imposed a two-year sentence for the felonious assault and a three-year sentence for the firearm specification, for a total of five years. Appellant filed his appeal on September 2, 2003.
 II. {¶ 5} Appellant's first assignment of error states: "The trial court denied Andres Kelly his constitutional right to a fair trial before an impartial jury, when it permitted police officers to testify why they believed the state's witnesses were telling the truth."
 {¶ 6} In a criminal case where the defendant alleges that it was prejudicial error to allow the jury to hear certain testimony, the reviewing court must first determine whether it was error to allow the jury to hear the testimony and, if so, whether such error was prejudicial or harmless. State v. Davis
(1975), 44 Ohio App.2d 335.
 {¶ 7} We find nothing improper in Officer Scullin's testimony stating that it is police practice to separate witnesses in order to prevent the individuals from comparing their stories. In addition, we find nothing improper in Detective Boretsky's testimony about an adrenaline rush enhancing recollection of events after a person is shot. The detective simply stated: "* * * People have honestly said they remember everything that happened. That it seems like it was in slow motion."[3] The detective was not testifying as an expert and did not state that he believed the witness was telling the truth. Neither police witness ever gave an explicit opinion as to Harold's credibility. The testimony was simply given in response to counsel's inquiry regarding the witness' detailed recollections. We find nothing in the police officers' testimony to be improper. It was not error to allow the jury to hear the testimony. Furthermore, assuming arguendo that there was error in the testimony, it would have been harmless error.
 {¶ 8} Appellant's reliance on State v. Boston (1989),46 Ohio St.3d 108, is misplaced. In Boston, a psychological expert did testify in a sex case that the victim was, in fact, telling the truth. In the case sub judice, the police officer never stated that he believed the victim was telling the truth. Furthermore, the police officers were not testifying as psychological experts. The two cases are readily distinguishable.
 {¶ 9} Appellant's first assignment of error is overruled.
 III. {¶ 10} Appellant's second assignment of error states: "Andres Kelly was denied his constitutional right to effective assistance of counsel by trial court's failure to make objections or preserve the record, thereby depriving him of an appellate issue."
 {¶ 11} In order to successfully assert ineffective assistance of counsel under the Sixth Amendment, the dual prongs of the test set forth in Strickland v. Washington (1984), 466 U.S. 668,80 L.Ed.2d 674, 104 S.Ct. 2052, must be satisfied. A defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel" as guaranteed by the Sixth Amendment, but also that the deficient performance was so serious as to deprive him of a fair and reliable trial. Id. at 687.
 {¶ 12} The Ohio Supreme Court set forth a similar two-part test:
{¶ 13} "First, there must be a determination as to whetherthere has been a substantial violation of any of defensecounsel's essential duties to his client. Next, and analyticallyseparate from the question of whether the defendant's SixthAmendment rights were violated, there must be a determination asto whether the defense was prejudiced by counsel'sineffectiveness."
 {¶ 14} State v. Bradley (1989), 42 Ohio St.3d 136, 141-142, (quoting State v. Lytle (1976), 48 Ohio St.2d 391, 396-397), certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 768,110 S.Ct. 3258.
 {¶ 15} Because there are countless ways to provide effective assistance in any given case, the scrutiny of counsel's performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, supra; accord State v. Bradley, supra. In sum, it must be proven that counsel's performance fell below an objective standard of reasonable representation, and that prejudice arose from his performance. Id.
 {¶ 16} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner.State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299. "Judicial scrutiny of counsel's performance must be highly deferential * * *," and "* * * a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Strickland, supra, at 689.
 {¶ 17} In the case sub judice, appellant failed to show that the alleged ineffectiveness had any impact on the outcome of the trial. We find Officer Scullin and Detective Boretsky to be competent witnesses within the meaning of the law. In addition, we find counsel's failure to object at trial to be strategic and tactical decisions made within the parameters of the law. The conduct in this case did not constitute a substantial violation of any of defense counsel's essential duties to the client. Furthermore, in a separate analysis, we find that the record demonstrates that defendant was not prejudiced by counsel.
 {¶ 18} Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and McMonagle, J., Concur.
[1] Tr. at 134-137.
[2] Tr. at 138-145.
[3] Tr. at 277.