{¶ 70} As to the first assignment of error, I concur in judgment only and write separately. Appellant contends that the State's use of five out of seven peremptory challenges in order to exclude women from the jury violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution,J.E.B. v. Alabama (1994), 511 U.S. 127, and the Ohio Constitution. In this same assignment of error, appellant contends that defense counsel's failure to object to the State's use of peremptory challenges at the trial was constitutionally deficient representation under Strickland v. Washington (1984),455 U.S. 668.
 {¶ 71} The majority in this matter analyzes the statistics involved in this case, the make-up of the venire and the ultimate make-up of the final panel in deciding this issue. This might be appropriate had the issue been raised, heard, analyzed, argued and decided in the court below; it is both notable and dispositive that it was not. In this matter, appellant's trial counsel did not raise a challenge pursuant to Batson v.Kentucky (1986), 476 U.S. 79, relative to the State's use of peremptories. Thus, the standard of review is plain error.
 {¶ 72} An error is plain error only if the error is obvious, and, but for the error, the outcome of the trial clearly would have been otherwise. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160. Appellant fails upon the second prong of this test. There is no showing; nor is there any argument advanced whatsoever, that the exclusion of women from the panel would (or even might) have caused this trial to have come out differently.
 {¶ 73} As part of appellant's argument upon this issue, and logically related to the issue, is appellant's allegation that failure to raise a Batson challenge at the trial level constituted ineffective assistance of counsel. In order to demonstrate a claim of ineffective assistance of counsel, appellant must show that his counsel deprived him of a fair trial. Specifically, appellant must show that: 1) defense counsel's performance at trial was seriously flawed and deficient; and 2) the result of the trial would have been different if defense counsel had provided proper representation at trial. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 74} A presumption that a properly licensed attorney executes his or her duty in an ethical and competent manner must be applied to any evaluation of a claim of ineffective assistance of counsel. State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v.Maxwell (1965), 2 Ohio St.2d 299. In addition, this court must accord deference to defense counsel's strategic choices during trial and cannot examine the strategic choices of counsel through hindsight.
 {¶ 75} The following cases have been raised as authority in this matter by both the majority and the appellant: J.E.B. v.Alabama, supra; State v. Gowdy, 88 Ohio St.3d 387,2000-Ohio-355; State v. Thomas, Cuyahoga App. No. 85968,2006-Ohio-280; Williams v. Runnels (2006), 432 F.3d 1102; andJohnson v. California (2005), 125 S.Ct 2410. All of these cases have one seminal fact in common: the Batson issue was raised and considered at the trial level. Here, the issue was raised for the first time by counsel on appeal. I do not believe that appellant has met his burden of showing plain error or ineffective assistance of counsel, insofar as he has produced not a scintilla of evidence, nor has he argued any theory by which the outcome in this matter would have been different but for the manner in which the peremptory challenges were made.
 {¶ 76} Frankly, I can conceive of no way appellate counselcould demonstrate that an outcome would be different in a case where a Batson challenge was not made; but perhaps that fact stands for the proposition that an unpreserved Batson challenge could rarely, if ever, be plain error, nor could the failure to challenge the State's use of peremptories under Batson rarely, if ever, be considered ineffective assistance of counsel. However, if that is the logical outcome my decision here, I do not believe it to be bad law.
 {¶ 77} Jury selection is, by its very nature, essentially tactical. And case law pertaining to plain error and ineffective assistance of counsel is replete with caution that courts should not utilize those doctrines to avoid the unpleasant consequences of tactical decisions. I write separately in this matter not because I disagree with the majority's decision to overrule this assignment of error, but rather because I believe the majority has actually analyzed the Batson challenge as though it had been argued and preserved at the trial level, and has substituted its judgment as to whether the defense has made a prima facie showing of discrimination or whether the State has effectively rebutted this showing. I believe the record is insufficient to reach these conclusions.
 {¶ 78} In short, I would not find the failure to raise aBatson challenge under the circumstances of this case to be either plain error or ineffective assistance of counsel, and upon that finding alone, would overrule appellant's first assignment of error.