DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Franklin A. Barnes, appeals the judgment of the Ottawa County Court of Common Pleas, which, after a jury trial, found him guilty of failing to change his address in compliance with the sex offender residence reporting requirements of R.C. 2950.05. Due to the nature of appellant's convictions, the offense is classified as a felony of the third degree. R.C. 2950.99. The trial court imposed a five year term of *Page 2 
incarceration, the maximum allowed by R.C. 2929.14(A)(3). For the following reasons, the judgment is affirmed.
 {¶ 2} At trial, the following evidence relevant to this appeal was submitted. Appellant was adjudicated a sexual offender, and, as such, is subject to the residence reporting requirements of R.C. 2950.01 et seq., including the obligation to report his address to the sheriff of the county where he resides every 90 days. Chief Deputy Randy Riedmaier of the Ottawa County Sheriffs Office testified that appellant had been in compliance with his reporting requirements since October 2001. In November 2006, appellant registered as residing on W. Toussaint North Road; he had reported residing with his sister, Rita Ray, at this address since 2001.
 {¶ 3} In early 2007, Riedmaier began to investigate anonymous tips that appellant was living at an address on First Street, in Rocky Ridge, Ohio. He spoke to appellant's sister, and Riedmaier testified that she said appellant kept his belongings there, would shower there, received his mail there, and would visit, but had not slept there for almost a year. Riedmaier also spoke with the landlord of the First Street address, Daisy Weitzel, who told Riedmaier that appellant had been living there with appellant's girlfriend, Terrie Johnson, since August 2006.
 {¶ 4} Weitzel also testified that she considered appellant to be living in the First Street residence, and related how the rental agreement had occurred:
 {¶ 5} "[Rita Ray] called me and asked me if I would rent to [appellant] and Terry Johnson. She said that, `Rent that to Frank's girlfriend, Terry Johnson,' and she said that *Page 3 
Frank would have to say that he lived there at her house. I didn't even ask a question because we have been friends for years, so I just said, `Sure, I will rent to your brother then.' And she said, `Can you do me a favor?' `Yes, I will rent to them.' So that is how I come to rent to them without checking or anything [sic]."
 {¶ 6} Weitzel testified that she saw appellant's vehicle at the First Street address every night and that she saw his belongings in the residence. After she had not received lease payments for several months, she instituted an eviction action against Johnson; she explained that it would have cost extra money to have named appellant in the eviction action. After Johnson was being evicted, appellant was arrested while helping to move their belongings from the residence.
 {¶ 7} The state also offered the following: a handwritten note from appellant promising to pay rent, dated in October 2006; a rental agreement between Johnson and Weitzel, signed in August 2006, which lists appellant as a person living in the residence; a 911-call log sheet from the phone number at the First Street address showing the telephone listed in appellant's name; several bills addressed to appellant at the Toussaint address; appellant's current driver's license displaying the Toussaint address.
 {¶ 8} Ray and Johnson also testified, and both explained that appellant had not been "residing" at the First Street address, but merely helping Johnson and staying no more than three to five nights a week at that address. Ray testified that appellant had not spent the night at the Toussaint address in "months," but she still considered appellant as residing at the Toussaint address. Johnson did not know where appellant spent nights *Page 4 
when he was not at the First Street address. Appellant also testified, and explained that he never spent more than four consecutive nights at the First Street address, in order to comply with his registration requirements. Since he still received his mail at the Toussaint address and went there every day, he considered himself to be residing there. He also explained that he had promised Weitzel to pay rent and put the First Street telephone in his name because he was trying to help Johnson with financial difficulties.
 {¶ 9} Appellant raises one assignment of error for review:
 {¶ 10} "Trial Counsel's performance fall [sic] below the objective standard of reasonable representation by failing to object to the introduction of hearsay evidence that was clearly prejudicial to the Appellant."
 {¶ 11} In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id.
 {¶ 12} With respect to the first prong, courts indulge a strong presumption that counsel was competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. An appellant must show that his counsel's performance fell below an "objective standard of reasonableness." State v.Bradley (1989), 42 Ohio St.3d 136, 142, quoting Strickland,466 U.S. at 687-688. With respect to the second prong, prejudice is shown where there is *Page 5 
a reasonable probability that a different result would have occurred in the case if the attorney had not erred. State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of syllabus. A reviewing court "must consider the totality of the evidence before the judge or jury." Id. at 142, quoting Strickland, 466 U.S. at 695-696.
 {¶ 13} Appellant was convicted of failing to report a change of address, a violation of R.C. 2950.05. The version of that statute in effect at the time of appellant's offense relevantly provided:
 {¶ 14} "(A) If an offender * * * is required to register pursuant to section 2950.04 or 2950.041 of the Revised Code, the offender * * *, at least twenty days prior to changing the offender's * * * residence address, * * * during the period during which the offender * * * is required to register, shall provide written notice of the residence * * * to the sheriff with whom the offender * * * most recently registered the address under section 2950.04 or 2950.041 of the Revised Code or under division (B) of this section.
 {¶ 15} "* * *
 {¶ 16} "(E)(1) No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that division.
 {¶ 17} "* * * *Page 6 
 {¶ 18} "(H) As used in this section, * * * `change in address' includes any circumstance in which the old address for the person in question no longer is accurate, regardless of whether the person in question has a new address."
 {¶ 19} Appellant argues that he suffered prejudice when his counsel failed to object to Reidmaier's hearsay testimony of Ray's statements. Considering the totality of the evidence, however, the hearsay was not prejudicial. The state introduced ample evidence showing that, at the least, appellant's registration at the Toussaint address was not accurate. The jury received instructions including the following definitions:
 {¶ 20} "`Change in address' includes any circumstance in which the old address for the defendant is no longer accurate, regardless of whether the defendant has a new address.
 {¶ 21} "`Residence address' means where the defendant resides or is temporarily domiciled.
 {¶ 22} "`Resides' means the fixed place of habitation to which the person intends to return when absent.
 {¶ 23} "Temporarily domiciled' means the temporary home or place where a person stays or lives for more than five consecutive days."
 {¶ 24} Given the definitions and the totality of the evidence, appellant suffered no prejudice from the introduction of Reidmaier's hearsay testimony. Nor did he suffer prejudice from Weitzel's hearsay testimony as to what Ray said regarding the First Street lease, which appellant does not challenge on appeal. That is, even if the statements were *Page 7 
not offered, there is no reasonable probability that appellant would have been acquitted. Ample evidence supported a finding that appellant was either residing or temporarily domiciled at the First Street address, or that, at the least, the Toussaint address was no longer accurate, regardless of whether the First Street residence became appellant's "official" address. Since we find appellant unable to establish the second prong of Strickland, supra, we need not address the first. Appellant's assignment of error is, therefore, not well-taken.
 {¶ 25} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1