JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Appellant, Gregory Ballard, brings this appeal seeking to have his sentence vacated on the basis that his trial counsel was ineffective. After a thorough review of the record and for the reasons set forth below, we affirm.
 {¶ 2} Appellant was indicted in Case No. CR-476775 on multiple counts, including: four counts of aggravated robbery with one-and three-year firearm specifications; carrying a concealed weapon; drug possession with a one-year firearm specification; possessing criminal tools; and having a weapon while under a disability.
 {¶ 3} On April 12, 2006, a jury trial commenced on all counts except the charge of having a weapon while under a disability, which was tried to the bench. The jury found appellant guilty of two counts of aggravated robbery with one-and three-year firearm specifications; carrying a concealed weapon; drug possession; and possessing criminal tools. The jury found appellant not guilty on the other two counts of aggravated robbery. In a bifurcated proceeding, the trial court found appellant guilty of having a weapon while under a disability.
 {¶ 4} A sentencing hearing was held on May 10, 2006, and the trial court sentenced appellant to a total of eight years in prison. In doing so, the trial court merged the three firearm specifications of the two counts of aggravated robbery and the one count of possession of drugs, despite the fact that R.C. 2929.14(E)(1) *Page 3 
mandates that the mandatory firearm penalties be served consecutively to each other and the underlying offenses.
 {¶ 5} Appellant appealed his conviction, and the state appealed his sentence. This court affirmed appellant's convictions, but vacated his sentence and remanded the case for resentencing on the basis that, under R.C. 2929.14(E)(1), "the court should not have run the gun specifications concurrently but, rather, should have ordered them to be served consecutive to and prior to the underlying offenses." State v.Ballard (Apr. 19, 2007), Cuyahoga App. Nos. 88263 and 88305.
 {¶ 6} Upon remand, appellant was resentenced to seven years on the three separate firearm specifications and five years total on the charges of aggravated robbery, carrying a concealed weapon, and drug possession. It was further ordered that appellant serve the sentence for the firearm specifications prior to and consecutive to the sentence on the underlying convictions, for a total prison term of 12 years.
 Review and Analysis {¶ 7} Appellant raises one issue on appeal, although he applies the same issue to both the first appeal and the resentencing.
 {¶ 8} "I. Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I of the Ohio Constitution and theSixth and Fourteenth Amendments to the United States Constitution when appellate counsel in the first *Page 4 
appeal and trial counsel at the resentencing hearing failed to raise ex post facto and due process challenges to the State v. Foster case."
 {¶ 9} In his sole assignment of error, appellant argues that his attorney's failure to raise certain issues during his appeal and resentencing constitutes ineffective assistance of counsel. He argues that his attorney should have challenged the application ofFoster on the basis of ex post facto and due process grounds because his conviction predates the ruling in Foster. We do not find merit in his argument.
 {¶ 10} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407.
 {¶ 11} In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164.
 {¶ 12} The Supreme Court of Ohio held in State v. Bradley (1989),42 Ohio St.3d 136, 141-142, 538 N.E.2d 373, that, "`[w]hen considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, *Page 5 
there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.' State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v.Washington (1984), 466 U.S. 668. * * *
 {¶ 13} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice.
 {¶ 14} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a *Page 6 
reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 15} The performance of appellant's counsel was not seriously flawed and deficient in this case. Even if he had challenged appellant's sentence on constitutional grounds, he would not have prevailed. Therefore, appellant cannot meet the second prong of theStrickland test because he cannot demonstrate that he would have been sentenced differently.
 {¶ 16} The Ohio Supreme Court, in its decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, found several sections of the Revised Code unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences.Foster, supra.
 {¶ 17} Appellant argues that Foster does not apply to defendants whose alleged criminal conduct pre-dates Foster because it would be a violation of the ex post facto clause and due process rights. The ex post facto clause of Article 1, Section 10 of the United States Constitution prohibits any legislation that "changes the punishment, and inflicts greater punishment, than the law annexed to the crime, when committed." Miller v. Florida (1987), 482 U.S. 423,429, 107 S.Ct. 2446,96 L.Ed.2d 351, quoting Calder v. Bull (1798), 3 U.S. 386, 3 Dall. 386, 390, 1 L.Ed. 648. *Page 7 
 {¶ 18} Our court recently addressed this issue and, after a thorough analysis of state and federal law, found as follows: "In the instant case, Mallette had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed. As a result, we conclude that the remedial holding of Foster does not violate Mallette's due process rights or the ex post facto principles contained therein." State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715.
 {¶ 19} Appellant has failed to meet the first prong of theStrickland test, that his attorney had a duty to raise constitutional challenges to his sentence either on appeal or at his resentencing. This court, relying on its holding in Mallette, has rejected time and time again the exact constitutional challenges raised by appellant here. Without a duty to raise constitutional challenges to his sentence, appellant cannot prove he was prejudiced; therefore we overrule appellant's sole assignment of error and affirm appellant's sentence.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR *Page 1