[Cite as *State v. Wade*, 2011-Ohio-2433.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                    :
                                                 :        Appellate Case No. 24021
      Plaintiff-Appellee               :
                                                 :        Trial Court Case No. 09-TRC-10954
v.                                               :
                                                 :        (Criminal Appeal from Vandalia
DANNY R. WADE                                    :         Municipal Court)
                                                 :
      Defendant-Appellant          :
                                                 :

· · · · · · · · · · ·

O P I N I O N

Rendered on the 20th day of May, 2011.

· · · · · · · · · · ·

JOE CLOUD, Atty. Reg. #0040301, Vandalia Municipal Prosecutor's Office, 245 James E. Bohanan Memorial Drive, Vandalia, Ohio 45377
      Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. #0025365, 120 West Second Street, Suite 200, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · · · · ·

FAIN, J.

{¶ 1} Defendant-appellant Danny R. Wade appeals from his conviction and sentence, following a bench trial, for operating a motor vehicle with a prohibited concentration of alcohol in his breath, in violation of R.C. 4511.19(A)(1)(d). Wade contends that his trial

counsel was constitutionally ineffective. We conclude that the record of this direct appeal fails to demonstrate that his trial counsel was constitutionally ineffective.

I

{¶ 2} Late in November, 2009, just before 1:00 in the morning, Clayton Police Officer Randy Monnin saw a car slowly moving towards his cruiser. The driver got out of his car and approached Monnin. The driver identified himself as Danny Wade, and gave the officer Danny Wade's date of birth. The driver was not able to provide Danny Wade's social security number when asked.

{¶ 3} At trial, Monnin identified the defendant, Wade, as the driver of the car.

{¶ 4} Wade's behavior, slurred speech, red and bloodshot eyes, and odor of an alcoholic beverage caused Monnin to suspect that Wade might be impaired. Monnin administered field sobriety tests, following which, he arrested Wade, and took him to the police station, where a breath alcohol test was administered. The breath alcohol test result was 0.143.

{¶ 5} Wade was charged with a violation of R.C. 4511.19(A)(1)(d).

{¶ 6} At a bench trial, Wade testified that was not the person Monnin arrested. Wade's thirteen-year-old grandson also testified in Wade's defense. Wade's grandson testified that he was in a car with his uncle, Maurice Wade, that night, and that it was Maurice Wade whom the police pulled over and ultimately arrested.

{¶ 7} Wade's whole defense was that it was his brother, Maurice Wade, who was arrested for OMVI, and that Monnin's identification of him was mistaken. (Wade's grandson named Maurice Wade as his "uncle," while Wade referred to Maurice Wade as his brother, but

it seems clear that they were referring to the same person. Possibly, Maurice Wade was the grandson's great uncle, to whom the grandson referred as "uncle.") Wade and his grandson were the only defense witnesses.

{¶ 8} The trial court found the defense witnesses lacking in credibility, found Wade guilty as charged, and sentenced him accordingly.

{¶ 9} From his conviction and sentence, Wade appeals.

II

{¶ 10} Wade's sole assignment of error is as follows:

{¶ 11} "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY THE ACTS AND OMISSIONS OF HIS ATTORNEY IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION."

{¶ 12} Wade identifies only two respects in which his trial counsel was ineffective. First, Wade claims that his trial counsel was ineffective for having failed to subpoena his brother to testify, because Wade's brother would have testified that it was he, not Wade, who was arrested for OMVI that evening. Second, Wade claims that his trial counsel was ineffective for not having introduced evidence of Wade's brother's physical characteristics, because they would have given credence to Wade's theory that Monnin misidentified Wade as the driver of the car (presumably because they would have shown that the two brothers were similar in their appearance).

{¶ 13} The problem with both of these claims is that the predicate facts cannot be demonstrated on this record. There is nothing in this record from which we can determine

that Maurice Wade, had he been subpoenaed, would have testified that he, not Wade, was the person arrested for OMVI. For all we know, Maurice Wade, had he been subpoenaed, would have testified that he was not the driver of the car, and that he was not the person arrested, thereby contradicting, rather than corroborating, Wade's defense.

{¶ 14} Likewise, there is nothing in this record from which we can determine that Maurice Wade's physical characteristics, had evidence of them been introduced at trial, would have been helpful to Wade's defense. Again, for all we know, Maurice Wade's physical characteristics might have shown him to be nothing like his brother in appearance, thereby undermining Wade's theory that he was the victim of a misidentification.

{¶ 15} In a direct appeal, claims of ineffective assistance of counsel, like other claims of error, must be demonstrated in the record. *State v. Smith* (1985), 17 Ohio St.3d 98, 100. In this case, in order to find that Wade's trial counsel was ineffective, and that counsel's ineffectiveness was prejudicial to Wade's defense, would require us to speculate concerning what the evidence would have proven, had counsel been able to present it. To so speculate would be contrary to the presumption that a licensed attorney is competent. *Strickland v. Washington* (1984), 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d. 674. *Vaugh v. Maxwell* (1965), 2 Ohio St.2d 299, 301.

{¶ 16} Wade's claims that his trial counsel was constitutionally ineffective cannot be demonstrated on this record. Before he can fault counsel for having failed to use particular ammunition in the trial, he must first show that the ammunition existed.

{¶ 17} Wade's sole assignment of error is overruled.

III

**{¶ 18}** Wade's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and KLINE, JJ., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Joe Cloud
Daniel E. Brinkman
Hon. Cynthia M. Heck