OPINION
{¶ 1} Defendant-appellant Paul A. Lynch appeals from his conviction and sentence in the Guernsey County Court of Common Pleas on one count of attempted murder, with firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 30, 2004, appellant was indicted on one count of attempted murder, in violation of R.C. 2923.02, with firearm specification. The charges arose after appellant and three other men, Tom Harding, Patrick Harding and Tony Askew, left Zanesville, Ohio, and traveled to Cambridge, Ohio. The purpose of the trip was to assist the Hardings in an on-going feud between the Hardings and their neighbor, Bruce Mosely. The men traveled in appellant's automobile, with appellant driving. Upon arriving in Cambridge, the four men parked near Mosely's home. They were armed with clubs, tire irons and, ultimately, a semi automatic hand gun. Bruce Mosely was standing on the back porch of his home. Mosely was shot. The four men, including appellant, fled.
 {¶ 3} Subsequently, a search warrant was obtained for appellant's residence and the semi automatic hand gun that was used to shoot Mosely was found. Appellant was arrested and charged.
 {¶ 4} A jury trial was held on October 5, 2004. At trial, Mosely identified appellant as the man who shot him. Mosely testified that appellant approached the porch, pointed the hand gun at him and fired four to five times.
 {¶ 5} Throughout the trial, appellant's defense counsel attempted to show that it was not appellant that fired the hand gun but one of the other assailants. Appellant testified that he did not shoot Mosely. Appellant claimed that as he, Tom Harding, Tony Askew and Patrick Harding approached Mosely's porch, Mosely said "go get my gun, go get my gun." Tr. at 415. At that point, appellant went back to his car, with Tom Harding following him. When they reached appellant's car, according to appellant, Tom Harding asked appellant to pass him a hand gun that appellant had in the car. Appellant testified that Tom then reached for the hand gun and obtained control of it. Tr. 416. Appellant claimed that Tom Harding then raised the hand gun and started shooting towards Mosely's house. At that point, Patrick Harding "took off running" and went home. Tr. 204. Appellant, Tom Harding and Tony Askew left the area in appellant's car. Appellant claimed he did not get the hand gun back until he dropped Tom Harding off. Id. at 419-420.
 {¶ 6} Appellant's fiancé, Ashley Christian, testified on appellant's behalf. Appellant's trial counsel attempted to illicit information from both appellant and Ashley Christian about overhearing Tom Harding making a phone call from appellant's apartment in which Tom Harding admitted that he had shot Mosely. That evidence was excluded by the trial court as hearsay.[1] There was also evidence presented through Ashley Christian that the phone call was reflected in a phone bill paid by Christian's grandmother. However, Christian did not have the phone bill with her.
 {¶ 7} On October 7, 2004, the jury returned a verdict of guilty as charged. On October 25, 2004, after a presentence investigation, appellant was sentenced to nine years in prison for attempted murder and an additional mandatory and consecutive sentence of three years in prison to be served for conviction on the firearm specification.
 {¶ 8} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 9} "The appellant was deprived of the effective assistance of counsel when his trial counsel failed to present exculpatory evidence furnished him by the defendant."
 {¶ 10} In the sole assignment of error, appellant contends that appellant was deprived of effective assistance of counsel when counsel failed to present exculpatory evidence and testimony. We disagree.
 {¶ 11} The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 and adopted by Ohio in State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143 (citing Strickland,466 U.S. at 697). Further, we note that a properly licensed attorney is presumed competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164; State v. Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102,714 N.E.2d 905.
 {¶ 12} Specifically, appellant claims that counsel was ineffective when counsel failed to use inconsistencies in statements given to police by Tom Harding and Patrick Harding to impeach either of the Hardings and failed to introduce into evidence a telephone call allegedly made by Tom Harding from appellant's residence during which appellant and his fiancé allegedly overheard Tom Harding admit to being the shooter.
 {¶ 13} Appellant presents no argument regarding his assertion that trial counsel failed to impeach either of the Hardings on alleged inconsistencies in their statements given to police. Thus, as to this assertion, appellant's assignment is deficient because it fails to fully develop the argument as required by App.R. 16(A)(7).[2] Pursuant to App.R. 12, this court may disregard "[e]rrors not specifically pointed out in the record and separately argued by brief." Because appellant has failed to present any argument or citation to the record to identify what was stated by the witnesses to the police or how it could have been used to impeach the Hardings, we decline to address this argument.[3]
 {¶ 14} We now turn to appellant's argument that trial counsel provided ineffective assistance of counsel when counsel failed to introduce into evidence a telephone call allegedly made by Tom Harding from appellant's residence during which appellant and his fiancé Ashley Christian claim Tom Harding admitted to being the shooter. First, appellant's trial counsel attempted to elicit testimony from Christian and appellant concerning the contents of the alleged phone call by Tom Harding. However, the testimony was excluded by the trial court as hearsay. The excluded testimony, which amounted to both Christian and appellant claiming that Tom Harding admitted to the shooting while on the phone, was proffered by trial counsel. Tr.at pgs. 509-510. Thus, the argument that counsel was ineffective for failing to introduce evidence of the alleged telephone call is without merit.[4]
 {¶ 15} Further, appellant contends that appellant's theory, that Tom Harding was the shooter, would have had more credence had appellant's counsel introduced appellant's telephone bill into evidence to demonstrate that a call was placed from appellant's residence to the Harding residence. The issue of whether there was a telephone bill to substantiate the alleged call from appellant's residence to the Harding's residence was raised by a juror. As a result, appellant's trial counsel did question Ashley Christian, appellant's fiancé, about a telephone bill. Christian confirmed that there was such a telephone bill. However she did not have a copy of the bill with her. TR. at pg. 400.
 {¶ 16} The phone record in question was not produced at trial nor proffered. Without the bill, this court cannot determine if the telephone bill would have confirmed that the call was made or not. Further, even if the record did contain a telephone bill documenting a call from appellant's residence to the Tom Harding residence, it would not prove that Tom Harding admitted to shooting Mosely or even that it was Harding that had made the phone call. Thus, we find no showing of prejudice to appellant, and, therefore, no ineffective assistance of counsel for failure to introduce the telephone bill.
 {¶ 17} For the foregoing reasons, appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Guernsey County Court of Common Pleas is affirmed.
Edwards, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] At the conclusion of the presentation of evidence, appellant proferred Christian's testimony and his own testimony regarding the alleged telephone call made by Tom Harding from appellant's apartment after the shooting. Christian stated that she heard Tom Harding say "I think I shot him." Tr. at 509. Appellant stated that he heard Tom Harding say "I think I shot someone." Id. at 510.
[2] "The appellant shall include in its brief . . . "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App. R. Rule 16(A)(7).
[3] A review of the record shows that the purported statements to police referenced by appellant in this assertion are not included in the record.
[4] No error is raised concerning the trial court's decision to exclude this testimony.