OPINION
{¶ 1} Appellant Paul A. Lynch appeals his conviction for attempted murder in the Court of Common Pleas, Guernsey County, upon this Court's granting of his App.R. 26(B) motion to reopen the appeal. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 30, 2004, appellant and three other men, Tom Harding, Patrick "J.R." Harding and Tony Askew, traveled in appellant's car to Cambridge, Ohio to assist the Harding brothers in their feud with Bruce Mosely, who lived in the same neighborhood as the Hardings. Upon arriving in Cambridge, the four men proceeded to Mosely's home, armed with clubs, tire irons, and a semiautomatic handgun. Bruce Mosely was standing on the back porch of his home when the four arrived. During the fracas, Mosely was shot, and thereafter received emergency surgery for wounds to his kidneys, pancreas, diaphragm and right lung. Appellant and the three other men fled the scene before police officers arrived.
 {¶ 3} Subsequently, police officials obtained a search warrant for appellant's residence and seized a semiautomatic handgun, which they later concluded was the weapon used to shoot Mosely. On June 30, 2004, appellant was indicted on one count of attempted murder, with firearm specification.
 {¶ 4} A jury trial commenced on October 5, 2004. At trial, Mosely identified appellant as the man who shot him. Mosely testified that appellant approached the porch, pointed the hand gun at him and fired four to five times. Nonetheless, appellant's defense counsel attempted to show that one of the other assailants shot Mosely. Appellant took the stand in his defense and testified that he did not fire the shots. Appellant claimed that as he and the other three men approached the porch, Mosely called out "go get my gun, go get the gun." Tr. at 415. Appellant further claimed they went back to his car at that point, with Tom Harding following him. When they reached the car, according to appellant, Tom Harding asked appellant to pass him a handgun that appellant had in the car. Appellant testified that Tom then reached for the handgun and obtained control of it. Tr. at 416-417. Appellant claimed that Tom Harding then raised the weapon and started shooting towards Mosely's house. Id.
 {¶ 5} At that point, Patrick Harding "took off running" and went home. Tr. at 204. Appellant, Tom Harding and Tony Askew left the area in appellant's car. Appellant claimed he did not get the gun back until he dropped Tom Harding off. Id. at 419-420.
 {¶ 6} Appellant's fiancée, Ashley Christian, testified on appellant's behalf. Appellant's trial counsel attempted to illicit information from both appellant and Ashley Christian about overhearing Tom Harding making a phone call from appellant's house in which Tom Harding admitted that he had shot Mosely. That evidence was excluded by the trial court as hearsay, but at the conclusion of the presentation of evidence, appellant proffered Christian's testimony and his own testimony regarding the alleged telephone call made by Tom Harding from appellant's apartment after the shooting. Christian stated that she heard Tom Harding say "I think I shot him." Tr. at 509. Appellant stated that he heard Tom Harding say "I think I shot someone." Tr. at 510.
 {¶ 7} On October 7, 2004, the jury returned a verdict of guilty as charged in the indictment. On October 25, 2004, appellant was sentenced to nine years in prison for attempted murder and an additional mandatory and consecutive sentence of three years in prison for the firearm specification.
 {¶ 8} Appellant thereupon filed a direct appeal, claiming that he was deprived of effective assistance of counsel when defense counsel failed to present exculpatory evidence and testimony, specifically where trial counsel failed to use inconsistencies in statements given to police by Tom Harding and Patrick Harding to impeach either of the Hardings and failed to introduce into evidence a telephone call allegedly made by Tom Harding from appellant's residence during which appellant and his fiancée allegedly overheard Tom Harding admit to being the shooter.[1] We ultimately affirmed appellant's conviction. See State v. Lynch, Guernsey App. No. 04-CA-37, 2005-Ohio-3190.
 {¶ 9} Appellant thereafter filed a motion to reopen his appeal, pursuant to App.R. 26(B), which this Court granted, in part, via judgment entry on November 21, 2005. He herein raises the following sole assignment of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED IN NOT ALLOWING EXTRINSIC EVIDENCE OF A PRIOR INCONSISTENT STATEMENT OF TOM HARDING, AND TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE THIS AS A BASIS FOR ADMITTING THE EVIDENCE."
 I. {¶ 11} In his sole Assignment of Error, appellant contends the trial court erred in disallowing evidence of a witness's prior inconsistent statement, and that trial counsel was ineffective for failing to properly argue the issue in order to admit said evidence. We disagree.
 Prior Inconsistent Statement {¶ 12} Appellant first contends the trial court erroneously disallowed testimonial evidence (shown via proffered testimony by appellant and Christian) of Tom Harding's purported admission of shooting Mosely.
 {¶ 13} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180, 31 OBR 375, 510 N.E.2d 343. As a general rule, all relevant evidence is admissible. Evid.R. 402. Our task is to look at the totality of the circumstances in the particular case and determine whether the trial court acted unreasonably, arbitrarily, or unconscionably in allowing the disputed evidence. See State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 14} In the case sub judice, although it was not presented to the jury, both appellant and his girlfriend, Ashley Christian, testified via proffer that they had overheard a telephone conversation on May 30, 2004, during which Tom Harding indicated he had "shot someone." Tr. at 509-510. In Ohio, "[h]earsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802. However, Evid.R. 613(B), captioned "Extrinsic evidence of prior inconsistent statement of witness," permits impeachment of self-contradictory statements and the use of extrinsic evidence to so impeach. State v. Francis (Feb. 23, 2000), Guernsey App. No. 98CA24. The rule reads as follows:
 {¶ 15} "Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 {¶ 16} (1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 {¶ 17} (2) The subject matter of the statement is one of the following:
 {¶ 18} (a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
 {¶ 19} (b) A fact that may be shown by extrinsic evidence under Evid.R. 608(A), 609, 616(B) or 706;
 {¶ 20} (c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence."
 {¶ 21} The record in this matter reveals that since defense counsel did not specifically raise a 613(B) argument, Tom Harding was never afforded a prior opportunity to "explain or deny" the statement in the purported telephone call, as clearly required by Evid.R. 613(B)(1). As such, we are unable to conclude the trial court erred in failing to apply the rule and thereby allow the proffered testimony regarding the call.
 Ineffective Assistance {¶ 22} Appellant next urges he was deprived of the effective assistance of trial counsel based on the failure to cite the aforesaid Evid.R. 613(B) in support of his request to allow the proffered testimony.
 {¶ 23} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998),81 Ohio St.3d 673, 675, 693 N.E.2d 267.
 {¶ 24} In the case sub judice, even if the jury had heard the proffered testimony for the purposes of challenging Tom Harding's credibility, the record otherwise reveals the State called Tony Askew and Patrick Harding, the two other men who rode to Mosely's house on the day of the shooting. Although Askew didn't see the shots fired, he thereafter jumped into the front passenger seat of appellant's car and observed appellant holding the handgun as they drive off. Tr. at 173. Patrick Harding also didn't see the gun being fired, but heard multiple "poom" sounds as he ran off, having witnessed appellant pull the handgun from his pants. Tr. at 204. Police officers later located the gun in appellant's house. Tr. at 298, et seq. Furthermore, Mosely himself testified that appellant, not Tom Harding, was the person who had shot him. Tr. at 289.
 {¶ 25} Upon review of the record, even if we were to conclude that trial counsel's failure to specifically raise Evid.R. 613(B), as a means of impeaching Tom Harding, constituted a violation of counsel's duty to the client, we find such decision was not prejudicial based on the substantial evidence of appellant's guilt. Cf. State v. Rose, Guernsey App. No. 04CA40,2006-Ohio-397, ¶ 110.
 {¶ 26} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is hereby affirmed.
By: Wise, P.J., Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed. Costs to appellant.
[1] Although appellant thus raised, in limited fashion, the issue of the telephone call as part of his "ineffective assistance" claim in the first appeal, no reference was made to the "prior inconsistent statement" hearsay rule (Evid.R. 613(B)), and appellant did not raise on appeal a specific argument concerning the trial court's actual decision to exclude this testimony.